Nancy GORMAN

v.

ABBOTT LABORATORIES et al.

No. 90–562–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 1991.

Christine McBurney, Pawtucket, for plaintiff.

Thomas D. Gidley, Gordon Cleary, Edward L. Gnys, Jr., John M. Marks, Bruce G. Tucker, Paul E. Dwyer, Jr., Richard M. Borod, Providence, for defendants.

ORDER

This case came before the court for oral argument December 2, 1991, pursuant to an order which had directed both parties to appear and show cause why their respective appeals should not be denied and dismissed. Defendants appeal from an order granting the plaintiff an extension of 120 days to transmit the record to this court following her filing of a notice of appeal. The plaintiff appeals from the granting of defendants' motion for summary judgment.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that the granting of the extension of time did not constitute an abuse of discretion. We further hold that the entry of summary judgment in favor of the defendants was correct as a matter of law. We are not willing to adopt the market-share doctrine which has been accepted in the State of California in *Sindell v. Abbott Laboratories, Inc.*, 26 Cal.3d 588, 163 Cal.Rptr. 132, 607 P.2d 924 (1980). *See also* D. Fischer, *Products Liability—An Analysis of Market Share Liability,* 34 Vand.L.Rev. 1623 (1982). We are of the opinion that the establishment of liability requires the identification of the specific defendant responsible for the injury.

Consequently the appeals of both parties are denied and dismissed. The summary judgment entered in the Superior Court is affirmed.