Paul M. CLIFT et al.

v.

VOSE HARDWARE, INC., et al.

No. 2003–389–Appeal.

Supreme Court of Rhode Island.

May 28, 2004.

Thomas Bruzzese, Esq., for Plaintiff.

Dan McKiernan, Esq. for Vose Hardware.

James Clark, Esq. for T.W. Evans.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY,
and SUTTELL, JJ.

## OPINION

PER CURIAM.

This is a products-liability case arising out of a bungee-cord accident. The Superior Court dismissed the complaint on summary judgment. It did so because the plaintiffs, Paul M. Clift (Clift) and Susan L. Clift (collectively, the Clifts), failed to adduce any evidence showing that the defendants, Vose Hardware, Inc. (Vose) and T.W. Evans Cordage Co., Inc. (Cordage), either manufactured, distributed, designed, or sold the product in question: namely, a certain bungee cord that Clift used to secure storm doors on a delivery truck. The cord at issue accidentally injured Clift when it gave way and snapped into his head, blinding him in his left eye. Because the plaintiffs failed to produce sufficient evidence to create a genuine issue of material fact and because Vose and Cordage were entitled to the entry of a judgment in their favor, we affirm the summary judgment.

### Facts and Travel

On May 26, 1998, Clift was an employee of Harvey Industries, Inc. (Harvey), a distributor of storm doors. As he was securing a storm door on a Harvey truck, a bungee cord gave way and struck Clift in his left eye, resulting in the loss of his sight in that eye. On May 24, 2001, the Clifts filed this action against Harvey, Vose, and Cordage.[1] They alleged negli-

---

1. Because Clift recovered workers' compensation benefits as a result of this accident, the court dismissed Clift's suit against his employer, Harvey, based upon the exclusivity provision of the workers' compensation statute. See G.L.1956 § 28-29-20. Consequently, this

gence, breach of warranty, and strict liability against both Vose and Cordage. Vose moved for summary judgment, alleging that the Clifts had failed to present any evidence showing that Vose had sold the subject bungee cord to Harvey. Moreover, Vose argued, even if it had sold the bungee cord in question to Harvey, no evidence showed that this bungee cord was defective. Thereafter, Cordage also moved for summary judgment, arguing that the Clifts had failed to present any evidence to substantiate their claims that the subject bungee cord was manufactured, designed, or distributed by Cordage.

A Superior Court motion justice granted the summary-judgment motions with respect to both defendants and the court entered final judgment in their favor. On appeal, we ordered the parties to show cause why we should not decide the appeal summarily. Because they have not done so, we proceed to resolve this appeal at this time.

### Analysis

■ In granting summary judgment in this case, the motion justice examined the affidavit that Clift submitted, the pleadings, and the other evidence presented to him, and ruled that the Clifts could not establish any facts to support their claims that the bungee cord either was sold by Vose or manufactured by Cordage. The motion justice said:

"If there truly are material facts at issue, then a case obviously should be submitted to a fact finder, namely, a jury in this case to resolve this. But we have nothing here when you view all of these affidavits together that suggests that this plaintiff can materially dispute that in fact[,] in an affirmative way[,] * * * this cord came from this hardware store and was manufactured by this particular manufacturing defendant, namely, Evans. * * * There are discovery techniques available to give plaintiff full opportunity to develop its case, and that just hasn't been done here."

We agree with the motion justice. *See, e.g., Gomes v. Mossberg Industries, Inc.,* 762 A.2d 1196, 1198 (R.I.2000) (per curiam) (no evidence presented that defendant either manufactured or sold drive shaft to the plaintiff's employer).

"It is axiomatic that a plaintiff must prove that the proximate cause of his or her injuries was the defendant's product. Stated another way, a plaintiff in a products liability case bears the burden of proving by a preponderance of evidence that the defendant caused the harm that is the subject of the litigation. The identification element of causation-in-fact requires the plaintiff to establish a sufficient connection between the product and its alleged manufacturer or supplier." 1 Louis R. Frumer & Melvin I. Friedman, *Products Liability,* § 3.04[1] at 3–46 to 3–48 (2002).

Although, in some instances, circumstantial evidence may be used to establish the identity of the manufacturer or the seller of a defective product, *id.* at 3–50, such evidence "must establish that it is reasonably probable, not merely possible, that the defendant was the source of the offending product. Mere speculation, guess, or conjecture is insufficient to establish identification." *Id.* at 3–50 to 3–50.1.

Here, in opposition to defendants' motions for summary judgment, the Clifts filed a conclusory affidavit to support their claims; one that failed to substantiate their allegation that defendants either

appeal involves only defendants Vose and Cordage.

manufactured or sold the bungee cord that injured the plaintiff.[2]

As the motion justice aptly noted, the affidavit merely contained conclusory assertions and suppositions that Vose sold the bungee cord, rather than setting forth specific facts. Moreover, the affidavit contradicted Clift's previous deposition testimony in which he said that he was not sure where the bungee cord was purchased and that he was merely assuming that a co-worker had purchased it from Vose.

Thus, apart from Clift's conclusory assertions that Vose sold the cord to Harvey and that Cordage manufactured the cord, there was no competent evidence connecting defendants to the bungee cord that injured Clift, much less evidence that the cord was defective. Moreover, the inferences that plaintiffs asked the court to draw from Clift's affidavit were merely speculative. Absent any evidence that Vose actually sold the bungee cord in question to Harvey and that Cordage manufactured it, we hold that the court properly granted summary judgment.

■ Also, the mere fact that defendants did not support their motions for summary judgment with any affidavits or other proffered evidence did not preclude the court from granting the motion. Rule 56(b) of the Superior Court Rules of Civil Procedure provides:

> "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with *or without supporting affidavits* for summary judgment in the party's favor as to all or any part thereof." (Emphasis added.)

In *Sindelar v. Leguia,* 750 A.2d 967, 970 (R.I.2000) (per curiam), we observed that "[t]he plain language of the rule requires only that for summary judgment to enter, there be no genuine issues of material fact and that judgment for the moving party be appropriate as a matter of law." Thus, the lack of supporting affidavits or other evidentiary material was not enough to defeat the defendants' motions. In this case, there were no genuine issues of material fact and judgment for the moving parties was appropriate as a matter of law.

For the foregoing reasons, we affirm the Superior Court's judgment in favor of the defendants.

---

2. Specifically, Clift averred:

> "I maintain that 'the Cord' that caused my injury was sold by Defendant, Vose True Value Hardware, Inc., from its business location at 849 Cumberland Hill Road, Woonsocket, RI 02895.
> "That prior to my injury, as part of my job duties, I picked up similar 'Bungee Cords' for Harvey from Vose True Value Hardware, Inc., at its Lincoln, RI location, which may have included 'the Cord.'
> "That after I was treated for my injury, I returned to Harvey to retrieve the [sic] 'the Cord' that caused my injury. I could not do this, because, I was told that this [sic] 'the Cord' had been discarded/thrown away.

> "That prior to my injury, I had used 'the Cord' as part of my work and therefore I was and still am familiar with it.
> "After my injury, I viewed another 'Bungee Cord' that I believe was also purchased from the Defendant, Vose True Value Hardware, Inc.
> "I state that the other 'Bungee Cord' mentioned in paragraph 10 above that I viewed after my injury, was identical to 'the Cord' that I was using on May 26, 1998, that caused me to sustain an injury to my left eye.
> "Based upon all of the above, I state that the [sic] 'the Cord' that caused my injury(s) on May 26, 1998, was sold by the Defendant, Vose True Value Hardware, Inc. to my former employer, Harvey."