[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This case is before the Court for decision with respect to Defendants' Joint Motion for Summary Judgment on Collective Liability Theories. Defendants' motion was accompanied by an extensive memorandum in support of the joint motion. Thereafter, in due course, plaintiff filed its lengthy opposition to defendants' motion which in turn generated a collective reply from all defendants and separate replies from certain of the defendants. Following the aforementioned complete briefing, a full day was devoted to hearing argument on this significant matter.
In resolving the issue which is implicated in this motion it is necessary for the Court to re-visit (but not to revise) certain of its earlier holdings in this matter. Specifically:
1. In State of Rhode Island v. Lead IndustriesAssociation, 2001 WL 3458, 30 at 7 (Rhode Island Superior Court, April 2, 2001) this Court in its decision on defendants' motion to dismiss pursuant to 12(b)(6), ruled that in order to succeed on its public nuisance claim, the State was required to establish (a) the existence of a condition in Rhode Island that causes an unreasonable harm or threat of harm to the public and (b) that the defendants' conduct created, maintained or contributed to the creation of maintenance of the condition alleged to be the public nuisance.
2. Thereafter in State v. Lead IndustriesAssociation, 2004 WL 2813 747 at 1 (Rhode Island Superior Court, November 9, 2004), this Court stated that: "the issue . . . was not as to if such pigment in any particular building or group of buildings (however numerous) constituted a public nuisance, but rather whether the cumulative effect of all such pigment in such properties constituted a single public nuisance."
Thus, the Court has ruled that property specific information is not relative in the context of this case as to whether there exists a "public nuisance." Here the defendants seek (to some extent) to establish that the State's admitted inability to identify a particular paint containing a lead pigment manufactured by any particular defendant at any particular location within the State is at odds with our Supreme Court's opinion ". . . that the establishment of liability requires the identification of the specific defendant responsible for the injury." Gorman v. Abbott Laboratories, et al.599 A 2d, 1364 (R.I. 1991). The Gorman Court, in a published order dealing with a DES case refused to adopt a market share liability doctrine which had been accepted in California in a product liability case involving a particular type of drug. In that case,Sindell v. Abbott Laboratories, Inc., 607 P.2d 924
(1980) the plaintiff could not establish which of a number of drug manufacturers had provided the drug taken by her mother which allegedly caused plaintiff's injury. While defendants place great stock in Gorman, as well as in Clift v. Vose Hardware, Inc., 848 A2d, 1130 (R.I. 2004), another product liability case where a manufacturer and, indeed, the seller of bungee cords involved in the accident, could not be identified, and no defect was shown with respect to the cord in which the grant of summary judgment was upheld. The State, (plaintiff here), has no quarrel with the law as articulated in Gorman, Clift and other cases of that ilk other than to say that they are inapplicable to the issues at bar.
First, and of some significance the present case isnot a products liability case. As noted above this Court in April of 2001 held that plaintiff had stated an appropriate cause of action for public nuisance. No amount of argument by defendants will result in a reclassification of the nature of this case. In April of 2001 this Court quoted from the Restatement (second) of Torts, section 834 at 149: "One is subject to liability for a nuisance caused by an activity, not only when he carries on the activity, but also when he participates to a substantial extent in carrying it on."
The comments to this section make it clear that the section applies both to private and public nuisances (See comment a.)
Comment (d) to section 834 elaborates on what is meant by the phrase ". . . participates to a substantial extent . . ."
It states that "(W)hen a person is only one of several persons participating in carrying on an activity, his participation must be substantial before he can be held liable for the harm resulting from it. This is true because to be a legal cause of harm a person's conduct must be a substantial factor in bringing it about (see § 434)." The comment continues and provides that if there is reasonable doubt, the matter should be left to the trier of fact, here the jury. Also of significance is the provision of comment (e) to the effect that if the activity engaged in lead to the creation rather than to the maintenance of the nuisance, the actor who carried on the activity ". . . or who participated to a substantial extent in the activity is subject to the liability for a nuisance, for the continuing harm." This is so even after he has withdrawn from the activity and even if he is not in a position to stop the harm, or to abate the condition.
During the course of argument, defendants seemed to read into Gorman and the other cases they cited, a requirement for product identification in this public nuisance case, a requirement that this Court does not find. This is not a case where it is alleged that one defendant out of a number of defendants (but plaintiff cannot tell which) made a product causing injury to a single individual but rather it is a case where it is claimed that each of the defendants through their own separate actions or conduct was a substantial cause of the massive public nuisance and harms and/or injuries resulting therefrom. What the Court does find is that if what plaintiff contends for, that is to say that each defendant's conduct or activities were a proximate cause of the public nuisance alleged, the cumulative effect of lead pigment in buildings throughout the state (sometimes stated as the collective presence of lead pigment in buildings throughout the state of Rhode Island), and of injury resulting therefrom then indeed liability of the defendants may be found. In order to prove that causation, defendants must establish that each defendant's conduct was a substantial cause of the public nuisance and that the public nuisance was a substantial factor in causing injury to the public which injury is subject of this action.[1] City of Milwaukeev. NL Industries, Inc., 691 NW 2nd 888, 892 (Wisconsin, 2004). The City of Milwaukee Court of Appeals Summary Judgment Opinion rendered in November of 2004 is the subject of pending review in the Wisconsin Supreme Court. An intermediate appellate court decision, in Illinois in City of Chicago v. American Cyanamid,
823 NE 2nd 126 (Illinois 2005) was announced in January of 2005, was on a motion to dismiss for failure to state a claim and reached a result which seems diametrically opposed to the Wisconsin holding in the City of Milwaukee case. Within the last several days the Illinois Supreme Court without opinion denied certiorari in that case leaving the cited decision intact.
In its Nov. 9, 2004 Decision cited supra, this Court stated at page 3 as follows:
 ". . . Its public nuisance cause of action . . . requires plaintiff to establish to the satisfaction of the trier of fact that the cumulative effect of lead pigment in paint and in coatings found . . . throughout the State is the creation of a public nuisance. That is to say that defendants, (jointly and/or severally), are subject to liability for such nuisance if caused by their activity (production and/or sale of such pigment), or by an activity in which they participated to a substantial extent, and if a result of such activity is an unreasonable interference [*8] with a right common to the general public, either through injury or harm, or the threat of the same."
The Wisconsin case which used similar language to that quoted immediately above was also decided on November 9, 2004.
This Court notes that procedurally the case at bar is before it on summary judgment proceedings seemingly more like the City of Milwaukee case than the City of Chicago motion to dismiss case.[2] In any event this Court believes that under its previous 12(b)(6) and other decisions, plaintiff need only show that each defendant (or such defendants as it seeks to hold liable for the public nuisance here claimed), has engaged in activities which were a substantial factor in bringing about the alleged public nuisance and the injuries and harm found to have been proximately caused thereby. These activities may but need not necessarily include the manufacture or sale or promotion of any lead pigment or paint containing the same within Rhode Island; these activities may have been undertaken directly by a defendant or defendants or their predecessors in interest and may have been performed by authorized agents of the defendants or their predecessors.
There are, of course, a multitude of factual issues with respect to all of the foregoing.
The Court declines to enter the order presented to it on behalf of one or more of the defendants but will enter an order consistent with the provisions hereof.
Counsel are directed within one week of the filing hereof to present either an agreed or competing proposed orders.
[1] Of course to the extent that plaintiff fails to so prove as to any defendant or defendants there can be no liability on the part of such defendant.
[2] This Court need not at the present time decide whether this motion is a summary judgment motion or is more like a motion to dismiss addressed to a particular theory of liability.