DECISION
This is an asbestos-related product liability case brought against a number of corporate defendants. In the instant matter, Defendants Utica Boiler Co. n/k/a ECR International ("Utica Boiler"), Keeler Door-Oliver Burner Co. ("KDO"), and Sterling Fluid Systems (USA), LLC ("Sterling") (and collectively, "Defendants") move for summary judgment pursuant to Super. R. Civ. P. 56. Plaintiff Noel J. Benoit, III, as Administrator of the Estate of Noel Benoit, Jr., objects to the motion. Because these motions contain a common issue, the Court will address them collectively.
 Facts and Travel
Noel Benoit, Jr. filed the above-captioned suit on or about July 19, 2007, alleging, inter alia, that he developed asbestos-related mesothelioma as a result of occupational exposure to asbestos-containing products manufactured or sold by Utica Boiler, KDO, and Sterling, among many other defendants. Before his death, Mr. Benoit completed an exposure chart and was deposed. The exposure chart, prepared in response to interrogatories posed by Defendants, identified the Defendants as follows: *Page 2 
 1. Boilers — during my career, I was exposed to many different pump manufacturers. Although I cannot recall the specific location of each pump manufacturer, I specifically recall the following names: . . . Utica . . . Peerless[1]. . . .
 2. Pumps — during my career, I was exposed to many different pump manufacturers. Although I cannot recall the specific location of each pump manufacturer, I specifically recall the following names: . . .Peerless. . . .
 5. Burners — during my career, I was exposed to many different burner manufacturers. Although I cannot recall the specific location of each burner manufacturer, I specifically recall the following names: Keeler Dorr Oliver. . . . (PL's Ex. A.)
In addition, prior to his deposition, Mr. Benoit wrote out a list of the products with which he recalled working. Under pumps, he named "Peerless." Under boilers, he named "Utica," "Peerless," "Keeler," "Door," and "Oliver."
Mr. Benoit's deposition was taken on August 6, 2007, in abbreviated format dictated by an Order of this Court after a hearing on a motion to perpetuate testimony. Mr. Benoit was so ill from end-stage malignant mesothelioma that examination was limited to one hour for Plaintiffs counsel and one hour for the Defendants as a group. Mr. Benoit died fourteen days later, and Noel Benoit III, Administrator of the Estate, was substituted as Plaintiff.
Mr. Benoit's deposition testimony indicates that he was exposed to asbestos at a variety of worksites from 1951 to 1990, particularly during the years starting in the mid-1950s when he worked as a union plumber at numerous commercial and residential sites in Vermont and New Hampshire. Mr. Benoit explained how he frequently worked in close proximity to asbestos-containing products during this time period: *Page 3 
 Q. Okay. What do you mean by that, that's when you got into asbestos? What do you mean by that?
 A. Because everything was all new buildings and all of them boilers, everything had to be covered. One job I went on, it was so bad that it was just like it was snowing asbestos, but nobody knew, you know. The pipecoverers were there. The headers were already made and they were covering them getting ready to fire the boilers and it was just like that, you know, flakes coming down. (Tr. 104.)
During the deposition, Mr. Benoit testified that the identifications he made in both the exposure chart and his handwritten list were accurate to the best of his recollection. (Tr. 42-47.) As to the specific Defendants, Mr. Benoit testified as follows:
 Q. Utica Boilers, are you familiar with Utica?
 A. Oh, Jesus, yes.
 Q. Okay. Did you install those?
 A. Oh, sure.
 Q. Was it commercial or residential?
 A. Some of both.
As to Sterling and Peerless pumps, Mr. Benoit testified as follows:
 Q. What about Peerless pumps, they're on your list here; do you remember them?
 A. Yeah.
The deposition contains no testimony concerning KDO.
The Defendants now move for summary judgment arguing that Plaintiff cannot meet his prima facie burden of product identification. The exposure chart, hand-written note, and deposition testimony, Defendants contend, do not contain any assertions about Plaintiff being exposed to asbestos from their products. Furthermore, the Defendants point out that Plaintiff has not offered any co-worker lay witness testimony to further establish exposure to asbestos-containing products. In sum, Defendants assert that Plaintiff has put forth no evidence supporting his exposure to asbestos from products manufactured, supplied, or sold by them. *Page 4 
 Standard of Review
In deciding a motion for summary judgment, the trial judge examines the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits of the parties to determine whether these documents present a genuine issue of fact. Volino v. General Dynamics, 539 A.2d. 531, 532-33 (R.I. 1988). The trial judge views the evidence in a light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in support of the nonmoving party's claim but without resolving the facts. Holliston Mills, Inc. v.Citizens Trust Co., 604 A.2d. 331, 334 (R.I. 1994). If, after such a review, factual issues remain upon which reasonable minds might differ, the issues must be submitted to a jury for determination.DeChristofaro v. Machala, 685 A.2d. 258, 262 (R.I. 1996). The Court cannot pass on the weight and credibility of the evidence. Palazzo v.Big G. Supermarkets, Inc., 242 A.2d. 235 (R.I. 1972). The Court's purpose is issue finding not issue determination. Id
A party opposing the motion "cannot rely solely on mere allegations or on the denials contained in the pleadings to defeat the motion."Avco Corp. v. Aetna Casualty Surety Co., 679 A.2d. 323, 327 (R.I. 1996). The opposing party must provide evidential facts to show, to the satisfaction of the court, that there is a substantial material factual issue in dispute. Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d. 950, 954 (R.I. 1994). A litigant cannot avoid summary judgment by merely posing factual possibilities without submitting admissible evidence thereof. Nichols v. R.R. Beaufort Assoc, Inc., 727 A.2d. 174 (R.I. 1999). *Page 5 
 Analysis
The Plaintiff objects to Defendants' motions for summary judgment, contending that they are both premature and inappropriate. The Plaintiff argues that Utica Boiler and KDO's motions must be denied as premature because those Defendants have not fully responded to the master set of interrogatories. The Plaintiff also contends that summary judgment is inappropriate because a triable issue of fact exists regarding Plaintiffs exposure to asbestos-containing products manufactured or supplied by Defendants. Specifically, Plaintiff contends that the proper foundation for the Plaintiffs identifications of Defendants' products was established by his interrogatory answers and sworn testimony at his deposition.
Summary judgment is premature when discovery is incomplete. SeeSheinkopf v. Stone. 927 F.2d 1259, 1263 (D. R.I. 1993). Here, Plaintiff alleges that Utica Boiler and KDO have failed to respond completely to discovery requests. Based upon this representation alone, the summary judgment motions of Utica Boiler and KDO may be denied. This Court has previously held that the failure to respond to the master set of interrogatories may justify denial of summary judgment. Brandt v. A.W.Chesterton Co., 2008 WL 3819273, 3 (R.I.Super. 2008).
However, even if the motions were not premature, this Court finds that Plaintiff has presented a material issue of fact, making summary judgment inappropriate. In asbestos litigation, the plaintiff must identify the defendant's asbestos product and establish that the product was the proximate cause of his or her injury. See Gorman v. AbbottLaboratories, 599 A.2d 1364 (R.I. 1991) (rejecting market-share doctrine and *Page 6 
requiring in products liability action "identification of the specific defendant responsible for the injury []"). In Cliffy. Vose Hardware,Inc., our Supreme Court noted:
 It is axiomatic that a plaintiff must prove that the proximate cause of his or her injuries was the defendant's product. Stated another way, a plaintiff in a products liability case bears the burden of proving by a preponderance of evidence that the defendant caused the harm that is the subject of the litigation. The identification element of causation-in-fact requires the plaintiff to establish a sufficient connection between the product and its alleged manufacturer or supplier. Clift v. Vose Hardware, Inc., 848 A.2d 1130, 1132 (R.I. 2004) (quoting 1 Louis R. Frumer Melvin I. Friedman, Products Liability, § 3.04[1] at 3-46 to 3-48 (2002).
Circumstantial evidence may be used to establish the identity of the manufacturer or the seller of a defective product. Id Such evidence "must establish that it is reasonably probable, not merely possible, that the defendant was the source of the offending product. Mere speculation, guess, or conjecture is insufficient to establish identification." Id
This Court has previously looked to the Massachusetts Court of Appeals decision Welch v. Keene, 575 N.E.2d 766 (Mass.App.Ct. 1991) for guidance on the methods by which a plaintiff claiming an asbestos-related injury can meet his or her burden of product identification at the summary judgment stage. See Sherman v. ACS, Inc., 2002 WL 1378959, 3
(R.I.Super. 2002). While by no means an exhaustive list, the Welch Court gave two examples. First, "[i]t is enough . . . to reach the jury that [the plaintiff] show that he worked with, or in close proximity to, the defendants' asbestos products." 575 N.E.2d at 769 (citing Roehling v.National Gypsum Co. Gold Bond Bldg. Prod.. 786 F.2d 1225, 1228 (4th Cir. 1986)). Second, "[a] plaintiff may also demonstrate exposure *Page 7 
to a specific product through testimony of coworkers who can identify him as working with or around these products." Id
After reviewing the materials submitted by both parties in the light most favorable to the Plaintiff, this Court concludes that factual issues exist to warrant this case going to trial. In his answers to interrogatories, Plaintiff stated that he had worked with, or in close proximity to, products manufactured, supplied, or sold by all three Defendants. See Welch, 575 N.E.2d at 769. The Plaintiff named all three moving Defendants' products specifically. In his deposition, Plaintiff affirmed that he had worked with the products of two of the three Defendants. The Plaintiff was not asked questions about the third Defendant, KDO. The Court finds his answers to interrogatories and deposition testimony sufficient evidence of identification to reach a jury.
The Defendants' principal argument appears to be that Plaintiff has not yet put forth evidence that he was exposed to asbestos by working with Defendants' products. However, this Court has previously held that the question of whether a product contains asbestos is an issue for a jury to determine. See Totman v. ACS, Inc., 2002 WL 393697, 4
(R.I.Super. 2002). The issue will likely involve an expert witness, whose credibility is for the jury to consider. Also, "the issue of proximate causation is usually a question for the trier of fact that cannot be determined on summary judgment." Robert Kent et al., Rhode Island Civiland Appellate Procedure, § 56:2 (citing Martin v. Marciano,871 A.2d 911, 918 (R.I. 2005)). The trial justice's role in considering a proposed summary judgment motion "is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather, only if the case is legally dead on arrival should the Court take the drastic step of . . . granting summary judgment." Mitchell v. Mitchell, *Page 8 756 A.2d 179, 185 (R.I. 2000). As the Plaintiff has put forth evidence that he worked in close proximity to Defendants' products, it is unnecessary that he produce testimony of co-workers.
 Conclusion
The Plaintiff has set forth a prima facie case in which there are genuine issues of material fact to be decided at trial. Accordingly, the Defendants' motions for summary judgment are denied. Counsel shall prepare an appropriate order for entry.
[1] Based upon statements contained in Defendant Sterling's memorandum of law, the Court presumes that Peerless pumps are a Sterling product.