DECISION
This is an asbestos-related product liability case brought against a number of corporate defendants. Defendant Mack Trucks Inc. ("Mack") moves for summary judgment pursuant to Super. R. Civ. P. 56 against Plaintiff Elizabeth Brandt, as Executrix to the Estate of William Brandt and as Surviving Spouse ("Plaintiff" or "Ms. Brandt"). Plaintiff objects to this motion. This Court afforded the parties an opportunity to be heard on May 4, 2011.
 I Facts and Travel
On September 12, 2007, William Brandt ("Mr. Brandt") and Ms. Brandt filed their complaint in this Court, alleging, interalia, that Mr. Brandt suffered serious injuries as a result of his exposure to asbestos. Prior to his death, Mr. Brandt was deposed and completed an exposure chart. Mr. Brandt's deposition was taken on August 24, 2007, in an abbreviated format dictated by an Order of this Court. The examination was limited to two hours as a result of Mr. Brandt's illness from end-stage malignant mesothelioma. *Page 2 
Mr. Brandt died six days later, and Ms. Brandt, as Executrix to his estate, was substituted as Plaintiff.
At his deposition, Mr. Brandt testified that he was exposed to asbestos through various products at a number of worksites between 1940 and 1993. His testimony indicates that from 1948 through 1952, Mr. Brandt was employed with the U.S. Army, where he worked as a heavy truck driver. As a truck driver, he worked with, or was around people who worked with, products including, but not limited to, clutches, brakes, drums, sanders, and gaskets. His exposure chart specifies Mack as a company producing trucks that Mr. Brandt recalled during this work. At his deposition, Mr. Brandt confirmed the accuracy of the exposure chart and indicated that he had made a change to the chart to ensure its accuracy.
Furthermore, Mr. Brandt testified that during his four years in the Army, he assisted in working on brakes in trucks. He continued by explaining that he did not work only on his own truck but also helped with an approximate total of six brake jobs. He additionally testified that he aided other co-workers or soldiers with mechanical work when his truck was broken down. Mr. Brandt conveyed that he assisted on clutch jobs on approximately two occasions. During this deposition, however, he did not explicitly identify Mack.
Mack now moves for summary judgment arguing that Plaintiff cannot meet her prima facie burden of product identification. Mack contends that Mr. Brandt's deposition testimony does not contain any assertions which identify its products; therefore, Mack argues that summary judgment is warranted. *Page 3 
 II Standard of Review
In deciding a motion for summary judgment, a trial justice considers the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits and determines whether these documents, when viewed in a light most favorable to the nonmoving party, present a genuine issue of material fact. Hill v. NationalGrid, 11 A.3d 110, 113 (R.I. 2011); Kirshenbaum v. FidelityFed. Bank, F.S.B.,941 A.2d 213, 217 (R.I. 2008) (citations omitted). Under this standard, the moving party bears the initial burden of establishing that no such issues of material facts exist. Estate ofGiuliano v. Giuliano, 949 A.2d 386, 391 (R.I. 2008). If the moving party is able to sustain its burden, the nonmoving party must, through competent evidence, demonstrate the existence of a dispute of material fact by competent evidence. Zanni v.Voccola, 13 A.3d 1068, 1071 (R.I. 2011); Parker v. Byrne,996 A.2d 627, 632 (R.I. 2010) (citation omitted).
Although it need not disclose all of its evidence, the nonmoving party "`cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions.'" Zanni,13 A.3d at 1071 (quoting Classic Entm't Sports,Inc. v. Pemberton, 988 A.2d 847, 849 (R.I. 2010)). A trial judge will review the evidence without passing upon its weight and credibility, and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Mitchell v. Mitchell,756 A.2d 179, 181 (R.I. 2000); Palmisciano v. Burrillville RacingAss'n, 603 A.2d 317, 320 (R.I. 1992). *Page 4 
 III Analysis A Admissibility of Exposure Chart
The parties dispute whether Mr. Brandt's exposure chart is admissible under R.I.R. Evid. 804 (b)(2). Specifically, Mack contends that summary judgment is warranted because Mr. Brandt's exposure chart is inadmissible hearsay and does not meet the dying declaration exception because, it claims, his attorney created the document at an unknown date and time. Conversely, Plaintiff maintains that the exposure chart meets the requirements of R.I.R. Evid. 804 (b)(2) because Mr. Brandt testified to the accuracy of its contents at his deposition, six days prior to his death.
In civil actions or proceedings, statements made by an unavailable witness are admissible as an exception to the hearsay rule because at the time of the statement, the witness believed "that his or her death was imminent, concerning the cause or circumstances of what the declarant believed to be his or her impending death." R.I.R. Evid. 804 (b)(2). This rule exists out of both necessity and "a belief that impending death induces a person to speak the truth." R.I.R. Evid. 804 (b)(2) Advisory Committee Note. To demonstrate that the declarant made statements under a belief of imminent death, a party may employ the declarant's express language or the surrounding circumstances. State v. Scholl,661 A.2d 55, 59 (R.I. 1995). A declarant's state of mind "may also be inferred when the declarant hears statements regarding his or her medical condition." Id.
In the instant matter, Mr. Brandt was suffering from end-stage malignant mesothelioma. At his deposition, Mr. Brandt testified that when his doctor diagnosed *Page 5 
him with mesothelioma, that doctor also conveyed to Mr. Brandt that he had less than a year to live. (Brandt Deposition Testimony, Aug. 24, 2007, at 17.) Mr. Brandt also stated that he believed that he would not be alive much longer and that he feels like "everything's just shutting down."Id. at 17-18. He further testified that he was sworn under oath that morning when he reviewed and signed his exposure chart and that he had ensured its accuracy. Id. at 22. Moreover, he explained that he made a change to the exposure chart because the owner of a company was incorrectly listed. Id. at 22-23. Mr. Brandt died six days after this deposition.
Given these statements and the surrounding circumstances of Mr. Brandt's deposition, this Court finds that Mr. Brandt believed that he was facing imminent death as a result of his exposure to asbestos. See R.I.R. Evid. 804 (b)(2). At that time, six days before his death, he swore to the accuracy of the exposure chart and made a change to ensure its accuracy. Accordingly, that exposure chart, as sworn to on August 24, 2007, is admissible to identify Mack pursuant to R.I.R. Evid. 804 (b)(2) as a dying declaration.See Quackenbos v. American Optical Corp., No. PC 04-6504, 2008 WL 914390 (R.I. Super. Jan. 17, 2008). This Court, therefore, denies summary judgment on this issue.
 B Identification
Mack further asserts that summary judgment is warranted because Plaintiff failed to properly identify Mack products as a probable source of asbestos affecting Mr. Brandt.[1] In response, Plaintiff avers that summary judgment is inappropriate because she has established a triable issue of fact regarding Mr. Brandt's exposure to Mack *Page 6 
manufactured or supplied asbestos-containing products through Mr. Brandt's exposure chart.
In asbestos litigation, a plaintiff must identify the defendant's asbestos product and then establish that the product was the proximate cause of his or her injury. Clift v. Vose Hardware,Inc., 848 A.2d 1130, 1132 (R.I. 2004); Gorman v. AbbottLabs., 599 A.2d 1364, 1364 (R.I. 1991). Indeed, the identification element of causation-in-fact requires a plaintiff to demonstrate by a preponderance of the evidence a sufficient connection between the product and its alleged manufacturer.Clift, 848 A.2d at 1364 (quoting 1 Louis R. Frumer Melvin I. Friedman, ProductsLiability, § 3.04[1] at 3-46 to 3-48 (2002)). To establish this connection, a plaintiff may use circumstantial evidence when such evidence establishes "`that it is reasonably probable, not merely possible that the defendant was the source of the offending product. . . .'" Id. (quoting 1 Frumer Friedman,Products Liability, § 3.04[1] at 3-50 to 3-50.1). Thus, mere speculation or conjecture will be insufficient to prove identification. Id. (citation omitted).
As Mack recognizes, this Court has previously looked toWelch v. Keene, 575 N.E.2d 766 (Mass. App. Ct. 1991), for guidance regarding plaintiff's product identification at the summary judgment stage. See, e.g., Benoit v. A.W. SmithCorp., No. PC 07-3755, 2009 WL 3328525
(R.I. Super. May 14, 2009); Brandt v. A.W. Chesterton Co., No. PC 07-4811, 2008 WL 3819273 (R.I. Super. July 25, 2008);Sherman v. A C S, Inc., No. PC 01-0696, 2002 WL 1378959 (R.I. Super. June 20, 2002). Pursuant toWelch, "it is enough . . . to reach the jury that [plaintiff] show that he worked with, or in close proximity to, defendants' asbestos products" when establishing product identification. 575 N.E.2d at 769 (citing Roehling v. NationalGypsum Co. Gold Bond *Page 7 Bldg. Prod., 786 F.2d 1225, 1228 (4th Cir. 1986)). Furthermore, a plaintiff may also establish exposure from a product through testimony of coworkers who identify him as working with or around the product at issue. Id. (citations omitted).
Thus, it is enough for Plaintiff, through Mr. Brandt's exposure chart, to show that "he worked with or in close proximity to, defendant's asbestos products." See id. As Mr. Brandt's exposure chart names Mack and his deposition testimony, albeit not explicitly identifying Mack, confirms the general context for that exposure, Plaintiff has shown sufficient evidence of identification to reach a jury. Therefore, after reviewing the material submitted by both parties in the light most favorable to the Plaintiff, this Court is satisfied that factual issues exist to warrant that this case proceed to trial.
Mack, however, argues that Defendant has failed to show that any exposure to asbestos from Mack products is de minimis and, therefore, summary judgment is appropriate. For this proposition, it relies on Morin v. AutoZone Ne., Inc.,943 N.E.2d 495 (Mass. App. Ct. 2011), wherein an Appeals Court of Massachusetts explained that to survive a summary judgment motion in an asbestos matter, a plaintiff "must produce evidence of a degree of exposure greater than `insignificant or de minimis.'"943 N.E.2d at 499-500. In that case, the plaintiff worked on the brakes of the trucks at issue about once every three hundred work days. Id. at 506. Given the minimal contact with the product and lack of evidence that the brake linings at issue contained asbestos, the court could not determine whether the plaintiff, in fact, came into contact with asbestos fibers from defendant's product. Id. Accordingly, the Morin court found that the plaintiff failed to show a degree of exposure greater than insignificant or de minimis and, therefore, summary judgment was appropriate. Id. *Page 8 
Similarly, in the instant matter, Mr. Brandt's primary job with the U.S. Army was not repairing brakes or clutches; rather, he was employed as a truck driver. Thus, he assisted in brake or clutch jobs on only approximately eight occasions during his four years in the U.S. Army. Nevertheless, Mack is not only identified in Mr. Brandt's exposure chart, but Mack has also admitted that it ceased using asbestos-containing product in its new trucks in 1991.See id. at 501 (citations omitted) (finding defendant company's admission that it carried asbestos-containing brake and clutch parts until some time in the 1980s to be persuasive and supporting a denial of judgment for one defendant). As a result of these distinctions, Mack's reliance on Morin for the proposition that Mr. Brandt's alleged exposure to asbestos from Mack products was insignificant is misplaced. As Plaintiff has presented Mr. Brandt's exposure chart and the potential for Mack trucks to have carried asbestos-containing products, she has established a triable issue of fact regarding Mr. Brandt's exposure to Mack asbestos-containing products.
Furthermore, questions of whether a product contains asbestos and whether a plaintiff was affected by any exposure to that product will not only involve an expert witness and thus credibility determinations for a jury, but also proximate causation, which is "usually a question for the trier of fact that cannot be determined on summary judgment." Robert B. Kent, et al., 1 Rhode IslandCivil and Appellate Procedure § 56:2 (citing Martin v.Marciano, 871 A.2d 911, 918 (R.I. 2005)). Indeed, when considering summary judgment motions, the trial justice's role "is not to cull out the weak cases from the herd of lawsuits waiting to be tried. Rather only if the case is legally dead on arrival should the Court take the drastic step of . . . granting summary judgment."Mitchell, 756 A.2d at 185 (R.I. 2000); *Page 9 see also Hill, 11 A.3d at 113 (explaining that "`[s]ummary judgment is an extreme remedy that should be applied cautiously'" (quoting Plainfield PikeGas Convenience, LLC v. 1889 Plainfield Pike Realty Corp.,994 A.2d 54, 57 (R.I. 2010)) (alteration in original)). Reviewing the facts in the light most favorable to the nonmoving party, Plaintiff has presented contradictory evidence as to Mr. Brandt's possible exposure to asbestos from Mack products. Accordingly, summary judgment must be denied.
 IV Conclusion
Plaintiff has set forth a prima facie case in which there are genuine issues of material fact to be decided at trial. Accordingly, Defendant Mack Truck Inc.'s Motion for Summary Judgment is denied. Counsel shall prepare an appropriate order for entry.
[1] This Court previously ruled on this issue concerning another defendant in Brandt v. A.W. Chesterton Co., No. PC 07-4811, 2008 WL 3819273 (R.I. Super. July 25, 2008).
 *Page 1