CHEVY CHASE, F.S.B.

v.

**John S. FARIA.**

No. 97–418–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1999.

Marc D. Wallick, Warwick.

John S. Faria, pro se.

## ORDER

The defendant, John S. Faria, appeals pro se from the entry of summary judgment in favor of the plaintiff, Chevy Chase, F.S.B. Following a prebriefing conference, we directed the defendant to show cause why we should not decide his appeal summarily. After reviewing the parties' memoranda and the Superior Court record, we conclude that no such cause exists and that we can proceed to decide the appeal at this time.

Initially, plaintiff filed a complaint in District Court seeking $6,035.38 on book account for monies owed to satisfy a credit card debt. The plaintiff alleged that defendant tendered a money order to plaintiff, drawn on a nonexistent institution, in the amount of $6,000. Consequently, plaintiff returned the money order to defendant. The defendant failed to answer the complaint and eventually a default judgment entered. The plaintiff then filed a notice and motion to attach defendant's wages, to which defendant objected, claiming that he was incarcerated at the ACI and that plaintiff never served him with the complaint. The defendant also filed a petition to vacate the default judgment. The District Court granted plaintiff's motion to attach wages and denied defendant's request to vacate the default judgment. The defendant then filed a motion to reconsider or set aside the order denying his petition to vacate the default judgment. The District Court also denied that motion. Thereafter, defendant appealed to the Superior Court from the denial of his motions.

In the Superior Court, defendant continued to challenge service of process. He filed a motion to dismiss the complaint on the grounds that plaintiff did not personally serve him with a copy of the summons and complaint. The court denied defendant's motion to dismiss. Ultimately, plaintiff filed a motion for summary judgment with a supporting affidavit by Michael J. Suray (Suray), collections officer

for plaintiff. According to the affidavit, defendant tendered to plaintiff a payment in the form of a money order in the amount of $6,000, which represented the balance due on a credit card issued to defendant by plaintiff. Suray averred that the payment was returned to plaintiff as insufficient because the institution upon which the money order was drawn was nonexistent. According to Suray, plaintiff notified defendant that the issuing entity did not remit his payment. The defendant opposed plaintiff's motion for summary judgment and filed a counter-affidavit alleging that he paid off his credit card account with the $6,000 money order. He also denied that plaintiff returned the money order to him as alleged in the summary-judgment motion. After hearing oral arguments, a Superior Court justice granted the motion for summary judgment and entered judgment for plaintiff in the amount of $6,035.38 plus interest and costs. The defendant filed a timely notice of appeal.

On appeal, defendant raises numerous issues. In addition to challenging the granting of the summary-judgment motion, he challenges the court's jurisdiction to hear this matter. The defendant also contends that there was insufficient service of process and that the court improperly denied him a jury trial. After examining these arguments, we are persuaded that they are meritless and that the only contention warranting any discussion is whether the trial justice properly granted plaintiff's summary-judgment motion.

This Court reviews the granting of a motion for summary judgment on a de novo basis, applying the same criteria as the lower court. *See Marr Scaffolding Co., Inc. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996); *Mallane v. Holyoke Mutual Insurance Company in Salem*, 658 A.2d 18, 19–20 (R.I.1995). Only when a review of the evidence in the light most favorable to the nonmoving party reveals that there are no genuine issues of material fact, and that the moving party is

entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment. *See Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996). Furthermore, a "litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991).

At the hearing on the summary-judgment motion, defendant acknowledged that he received the nonnegotiable money order from one Patrick E. Rudd (Rudd), formerly of Warwick. According to plaintiff, a federal jury in Ohio convicted Rudd on fraud charges related to the sale of counterfeit money orders. The defendant also admitted that he had not paid for the money order. Based upon these admissions and the record before the court, plaintiff clearly established that defendant's money order was counterfeit and that, as a result, defendant had not tendered payment to plaintiff.

Despite defendant's assertions to the contrary, he offered no evidence to contradict the evidence presented by plaintiff that the money order was not negotiable. Based on the record before the motion justice, no material factual issues were in dispute and he properly granted summary judgment.

The defendant also argues that summary judgment was invalid because he had been unable to complete discovery. He suggests that the motion justice erred in refusing to grant him a continuance to complete discovery relative to the presentment of the money order. The defendant relies on Rule 56(f) of the Superior Court Rules of Civil Procedure. Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present

by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

This Court has held that a trial justice's decision to grant a continuance pursuant to Rule 56(f) is discretionary. *See Greenwald v. Selya & Iannuccillo, Inc.*, 491 A.2d 988, 989 (R.I.1985). Given the evidence before the motion justice, and the dearth of any facts suggesting that a continuance might result in the defendant producing "facts essential to justify [his] opposition" to the summary-judgment motion, we conclude that he did not abuse his discretion in denying the defendant's request for a continuance to complete discovery.

For these reasons, we deny and dismiss the defendant's appeal, and affirm the entry of summary judgment for the plaintiff.