Alma SANTIAGO, By and Through her mother and natural guardian, Alma MARTINEZ

v.

FIRST STUDENT, INC., et al.[1]

No. 2003–41–Appeal.

Supreme Court of Rhode Island.

Jan. 15, 2004.

Michael A. DelSignore, for Plaintiff.

John A. Caletri, for Defendant.

1. This case was brought originally against the City of Providence, Providence School Department and Stephen T. Napolitano, in his capacity as Finance Director of the City of Providence (collectively referred to as the city) as well as First Student, Inc. The plaintiff, however, dismissed the city from her appeal.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

# OPINION

## PER CURIAM.

In a case suitable for television's "Unsolved Mysteries,"[2] the plaintiff, Alma Santiago (plaintiff), who claimed she was injured in a phantom bus crash with an unidentified car on an unknown date at an unspecified location with no witnesses, appeals from a summary judgment entered in favor of the defendant bus company, First Student, Inc., d/b/a/ Ryder Student Transportation Services (defendant). This case came before the Supreme Court for oral argument on October 29, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

This personal injury action arises out of an alleged motor vehicle accident that occurred between November 17 and November 21, 1997. The plaintiff alleges that, between 3:30 p.m. and 4:30 p.m. on an unspecified day, she was injured when defendants school bus, in which she was a passenger, collided with an unidentified vehicle. At the time of the accident, plaintiff was returning to her home from school, where she was in the eighth grade. According to her complaint, the accident oc-

curred "at or about Charles Street and/or a street along her bus route in Providence between her school * * *" and her home.

When plaintiff was deposed as part of pretrial discovery in this case, she testified that she could not remember the street or the neighborhood where the accident occurred. She also admitted that she "could [not] find [the] street today if [she] wanted to." The plaintiff did, however, offer a brief description of her recollection of the events. She remembered that the bus was driving on a one-way street approaching a stop sign. According to plaintiff, she saw the unidentified vehicle approaching the intersection, coming toward the bus from the right. She was then jerked forward when the bus driver applied the brakes and the bus collided with the unidentified vehicle. As a result of the collision, plaintiff says, the right side of her face hit the seat in front of her. Police did not respond to the accident and, consequently, there is no police report describing the incident.

Admitting that she did not see the collision occur, plaintiff was unable to offer any details about it. She was unable to say whether the unidentified car had a stop sign. She did not know whether the bus was damaged or the extent of the damage to the other vehicle, other than that its side mirror was knocked off. Although she rode the bus every school day, plaintiff was unable to remember the names of other students who rode the bus with her, except one girl whom she knew only as Daiquiri. Unfortunately, plaintiff has not spoken with Daiquiri in three years and Daiquiri has since moved away. To identify the bus driver, all plaintiff could provide was his physical description and the fact that he was from the Dominican Republic and did not speak English. Additionally,

2. *Unsolved Mysteries* (Lifetime television broadcast).

plaintiff did not know any witnesses to the accident.

The defendant moved for summary judgment, arguing that there was no evidence to establish negligence on its part. To support its motion, defendant provided an affidavit prepared by its safety coordinator asserting that there were no company records confirming that an accident had even occurred in the vicinity of Charles Street in November 1997. The motion justice concluded that plaintiff had failed to provide any evidence of defendants negligence and, accordingly, granted summary judgment in favor of defendant. The plaintiff timely appealed.

## II

### Summary Judgment

■ This Court reviews *de novo* the grant or denial of a motion for summary judgment and applies the same standards as the hearing justice. *Heflin v. Koszela,* 774 A.2d 25, 29 (R.I.2001). In ruling on a motion for summary judgment, the evidence is reviewed in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate if there are no genuine issues of material fact remaining and the moving party is entitled to judgment as a matter of law. *Id.* The moving party bears the initial burden of demonstrating the absence of material questions of fact. *Id.* That burden may be satisfied by "submitting evidentiary materials, such as interrogatory answers, deposition testimony, admissions, or other specific documents, and/or pointing to the absence of such items in the evidence adduced by the parties." *Id.* (quoting *Doe v. Gelineau,* 732 A.2d 43, 48 (R.I.1999)). If the moving party satisfies this initial burden, the nonmoving party then must identify any evidentiary materials already before the court or present its own evidence demonstrating that factual questions remain. *Id.*

■ Arguing that it is entitled to summary judgment, defendant points to an absence of any evidence of its negligence. Thus, to withstand defendant's motion for summary judgment, plaintiff was obligated to provide competent evidence to show that defendant breached a duty of care owed to her. *See Forte Brothers, Inc. v. National Amusement, Inc.,* 525 A.2d 1301, 1302 (R.I.1987). This Court has held that "the mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent." *Hernandez v. Fernandez,* 697 A.2d 1101, 1103 (R.I.1997). Rather, a party's negligence must affirmatively be established by "competent evidence and may not be based on conjecture or speculation." *Skaling v. Aetna Insurance Co.,* 742 A.2d 282, 288 (R.I.1999).

Reviewing the evidence in the light most favorable to plaintiff, we must accept her assertion that she was injured in an accident. To assign negligence to defendant based on the evidence in the record, however, would impermissibly cross the line from reasonable inference and venture into the realm of rank speculation. The plaintiff admitted that she did not see how the collision occurred. Although she testified that a stop sign controlled the flow of traffic coming from the bus's direction, she does not allege that the bus driver failed to stop at the sign as directed. The plaintiff is unable to describe any actions on the part of the driver of the unidentified vehicle or unidentified bus driver relating to the accident. Indeed, there is no evidence of the interaction between the bus and the unidentified car, except that the two vehicles collided. Furthermore, plaintiff can provide no other witnesses capable of offering a meaningful description of the accident.

The plaintiff's tenuous description of the accident left the defendant virtually unable to conduct discovery to help its defense. The plaintiff attempts to justify a lack of evidence to support her case by pointing to the nature of the accident. According to her, because this accident involved a child-laden school bus and no police were called to the accident scene, it is understandable that there is no police report describing the accident. The fact that the plaintiff's case may be extremely difficult to prove, however, does not relieve her of the burden of presenting sufficient evidence to demonstrate the existence of a material question of fact. The plaintiff has not met that burden in this case and the defendant, therefore, is entitled to judgment as a matter of law.

## Conclusion

For the reasons stated herein, the judgment of the Superior Court is affirmed. The papers in the case shall be remanded to Superior Court.