DECISION
This an asbestos-related product liability case brought against a number of corporate defendants. In the instant matter, Defendant Caterpillar Inc. ("Caterpillar") moves for summary judgment pursuant to Super. R. Civ. P. 56. Angela Clayton, as surviving spouse of Randall Clayton ("Mr. Clayton") as well as in her capacity as executrix of his estate, and her children (collectively "Plaintiffs") object to the motion.
 Facts and Travel
The Plaintiffs filed a complaint in this Court on September 19, 2005, alleging, inter alia, that Mr. Clayton had suffered serious injuries as a result of occupational and household exposure to asbestos. Mr. Clayton worked for CAPCO, an asbestos pipe manufacturing company, as a batch mixer, adding raw asbestos to cement. He also worked for the Street Department, operating and maintaining various pieces of equipment, including asbestos-containing heavy machinery such as excavators and graders. In between his full-time work, Mr. Clayton assisted *Page 2 
with a family-owned construction company, performing various jobs that required working with asbestos-containing sheetrock, heaters, and boilers. Mr. Clayton lived near several farms between 1960 and 1970, and often aided his neighbors in mechanical repair of their tractors and other equipment.
In 2005, Mr. Clayton was diagnosed with mesothelioma. His condition caused him to fail rapidly, and he quickly become unable to eat or speak. Mr. Clayton died of respiratory failure before he could be deposed for purposes of this litigation.
Caterpillar has filed the instant motion for summary judgment, contending that Plaintiffs have failed to properly identify Caterpillar products as required by Rhode Island law. Caterpillar notes that in the lengthy two-year discovery period, Plaintiffs have provided no deposition testimony, affidavit, or exposure chart identifying Caterpillar as the manufacturer of any products that caused Mr. Clayton's exposure to asbestos and resulting illness. This case initially was placed on an accelerated schedule to accommodate Mr. Clayton's condition, and Caterpillar filed this motion on April 7, 2008, in anticipation of a May trial. Mr. Clayton's death has reduced the exigency of this matter, and the trial date has been continued. Caterpillar argues that since its filing of this motion, Plaintiffs have been aware of the deficiency in their evidence and have done nothing to produce evidence tying Caterpillar to this case.
 Standard of Review
"Summary judgment is proper if no genuine issues of material fact are evident from `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' and, in addition, the motion justice finds that the moving party is entitled to prevail as a matter of law." Lavoie v. N.E. Knitting, Inc.,918 A.2d 225, 227-228 (R.I. 2007) (citing Super. R. Civ. P. 56(c)). It is well-settled that a genuine issue of material fact is one *Page 3 
about which reasonable minds could differ. See e.g. Brough v.Foley, 572 A.2d 63, 67 (R.I. 1990).
The moving party bears the initial burden of establishing that no such issues exist. Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the "litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Am. Express Bank, FSB v. Johnson, 945 A.2d 297,299 (R.I. 2008) (citations omitted). Although the opposing party must demonstrate evidence beyond mere allegations, it need not disclose all of its evidence. See e.g. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980); Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999); see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citations omitted).
The trial judge reviews the evidence without passing upon its weight and credibility, and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Mitchell v. Mitchell, 756 A.2d 179, 181 (R.I. 2000);Palmisciano v. Burrillville Racing Ass'n., 603 A.2d 317, 320 (R.I. 1992). However, the Court will enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Lavoie, 918 A.2d at 227-228.
 Analysis
The Plaintiffs object to the motion for summary judgment, contending that they have yet to depose several key witnesses from the Street Department. Plaintiffs contend that these witnesses will likely identify Caterpillar as a manufacturer of products that Mr. Clayton would *Page 4 
have operated and maintained while employed by the Street Department. Plaintiffs' argument rests on the fact that Mr. Clayton operated and maintained equipment such as excavators and graders and that Caterpillar manufactures this type of equipment. Plaintiffs also contend that the motion is premature, as they have not yet completed discovery and Caterpillar has failed to file responses to Master Interrogatories.
As this Court has noted previously, the rules of discovery are liberal and function in consonance with summary judgment motions to define disputed facts and issues. See Velez-Rivera v. Agosto-Alicea,437 F.3d 145, 151 (1st Cir. 2006) (citations omitted). An attorney may command reasonable time for discovery prior to summary judgment, but there is indeed a limit to this time. See id.; Thibeault v. Square DCo., 960 F.2d 239, 242 (1st Cir. 1992) (finding that a party in a simple products liability case could not claim lack of time for discovery to oppose summary judgment where the case had been pending for two and one-half years). Plaintiffs rely on this Court's decision regarding Beaird's motion to dismiss in LaPointe v. 3M Company, C.A. No. PC 06-2418 (R.I.Super. Oct. 16, 2007) to argue that the proverbial clock has not yet run in this case.
The Court finds that the case at hand presents discovery issues that cannot be resolved by simply evaluating the length of time that has passed. On the one hand, discovery for this case was initiated two years ago, and the matter is on the cusp of trial. Furthermore, Caterpillar filed this motion for summary judgment for the first time two months ago. If discovery was incomplete at that time, Plaintiffs were given an additional two month window within which to take the necessary depositions and raise issues of fact to counter Caterpillar's contentions. Plaintiffs' counsel noted that other asbestos cases in which the afflicted party is still alive take precedence over those in which the person is deceased and contended that giving priority to such *Page 5 
cases delays discovery in others. Although this Court is mindful of the challenges inherent in scheduling these matters, the Court notes that that does not absolve a plaintiff from responding appropriately to a dispositive motion. Furthermore, under Rule 56(f), Plaintiffs' counsel could have requested a continuance if the two months were insufficient to complete discovery. Such a continuance would have been granted if, in the Court's judgment, additional time might have resulted in the Plaintiffs producing "facts essential to justify [their] position."Chevy Chase, F.S.B v. Faria, 733 A.2d 725, 727 (R.I. 1999).
While these factors direct the Court to view Plaintiffs' opposition with a critical eye, the Court cannot overlook Caterpillar's failure to file responses to Master Interrogatories. Until the Defendant completes its duty with respect to discovery, summary judgment is premature.See Sheinkopf v. Stone, 927 F.2d 1259, 1263 (D. R.I. 1993). As a general note, to the extent Defendants in asbestos litigation choose to file motions for summary judgment before they have responded to plaintiffs' reasonable discovery requests — including, but not limited to, Master Interrogatories — they do so at their own peril.
Although this motion is denied as premature, the Court will emphasize that this motion is denied without prejudice. Thus far, Plaintiffs have offered two lengthy deposition testimonies of Mr. Clayton's wife and father-in-law (with whom Mr. Clayton worked performing residential construction), as well as an exposure chart completed by Mr. Clayton before his death. None of the evidence identifies Caterpillar. Caterpillar's name is simply not mentioned. In asbestos litigation, the plaintiff must identify the defendant's asbestos product and establish that the product was a proximate cause of his or her injury. See CelotexCorp. v. Catrett, 477 U.S. 317, 319-320 (1986); Thomas v. AmwayCorp., 488 A.2d 716, 718-722 (R.I. 1985); Gorman v. AbbottLaboratories, 599 A.2d 1364 (R.I. 1991). *Page 6 
Plaintiff contends that if Mr. Clayton was exposed to asbestos from Caterpillar products, his exposure to them would have been through his work for the Street Department. Plaintiffs aver that they have not yet deposed Mr. Clayton's co-workers from that employment, and they anticipate that such witnesses will identify Caterpillar. While this Court cannot review the contents of depositions yet to be taken, it also cannot allow a plaintiff to drag out the discovery process for purposes of defeating summary judgment. Mr. Clayton's exposure chart and the two deposed witnesses addressed his employment with the Street Department and named other manufacturers, but failed to identify Caterpillar. At this point in the litigation, there is a "dearth of facts suggesting that [continued discovery] might result in [Plaintiffs'] producing facts sufficient to [their] opposition." However, as Caterpillar's responses to discovery are not yet complete, this Court will exercise its discretion in allowing additional time.
The Court further emphasizes that the burden in summary judgment motion practice does not end with the moving party's case. Once the moving party has established the absence of material fact, the non-moving party has an "affirmative burden" to set forth specific facts, by affidavit or other means, to demonstrate the existence of a triable issue, and if the party fails to carry this burden, summary judgment is properly entered. See Grande v. Almac's, Inc., 623 A.2d 971
(R.I. 1993); Grissom v. Pawtucket Trust Co., 559 A.2d 1065 (R.I. 1989). "When opposing a motion for summary judgment, a party cannot merely cite the names of witnesses who will testify at trial and then hope the court will allow him [or her] to prove his or her claim at that time; rather, from an evidentiary standpoint, once a party files and serves a properly supported summary judgment motion, an alarm bell begins to toll and its time for the opposing party to put up their evidence or shut up their case." Wright v. Zielinshi, 824 A.2d 494 (R.I. *Page 7 
2003). To the extent that non-moving parties object to summary judgment without adhering to the Rhode Island Rules of Civil Procedure, they do so at their own peril.
 Conclusion
Defendant's motion for summary judgment is premature. But for Defendant's failure to respond to Master Interrogatories, this motion would have been granted. The motion is therefore denied without prejudice.
Counsel shall submit appropriate orders for entry.