**Supreme Court**

No. 2012-164-Appeal.
(KC 10-1605)

Diane Berard                          :

        v.                            :

HCP, Inc., et al.                     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Diane Berard          :

v.          :

HCP, Inc., et al.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on April 9, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  In this negligence case arising from a slip and fall on an icy surface, the plaintiff, Diane Berard, appeals from the grant of summary judgment in favor of the defendant, HCP, Inc. (defendant or HCP).  The plaintiff assigns error to two aspects of the trial justice's decision:  (1) the finding that the defendant owed no duty of care to the plaintiff, and (2) the denial of the plaintiff's request for a continuance.  After hearing the arguments of counsel and carefully examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.  Therefore, we proceed to decide the appeal at this time.  For the reasons set forth below, we affirm the judgment of the Superior Court.

**Facts and Travel**

On October 29, 2010, plaintiff filed a complaint alleging negligence by defendant in failing properly to maintain its property located at 2191 Post Road in Warwick, Rhode Island.  The plaintiff alleged that the property was "owned, operated, maintained, and/or controlled by [d]efendant[]."  The plaintiff claimed that, on December 22, 2007, as a result of defendant's

- 1 -

negligence, she was injured and suffered lost wages, pain and suffering, emotional distress, and medical expenses.

In response, HCP filed an answer denying plaintiff's allegation of negligence and asserting contributory negligence and assumption of the risk as affirmative defenses. Thereafter, on December 9, 2011, HCP filed a motion for summary judgment. In support of summary judgment, HCP averred that "[a]t all relevant times, HCP was an out-of-state and out-of-possession landlord, having no contact with or control over the premises" where plaintiff's alleged injury occurred, and further averred that the property was leased to plaintiff's employer, Healthtrax. HCP argued that, "[p]ursuant to the terms of its lease with Healthtrax, all maintenance of the premises was the responsibility of the tenant." The defendant argued that, as a commercial landlord, it did not owe a duty of care to plaintiff because none of the circumstances under which a commercial establishment has a duty to an invitee of its tenant are present in this case. Specifically, HCP argued that its lease with Healthtrax did not require it to repair and maintain the premises, that plaintiff's injury was not caused by a latent defect, and that HCP did not assume a duty to repair the premises. In advancing that argument, HCP relied on our opinion in Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274-75 (R.I. 2009), a case in which the plaintiffs failed to offer evidence that any of the three exceptions applied. The trial court granted, and this Court affirmed, summary judgment in favor of the defendant. Id. at 273, 276.

At the hearing on summary judgment in this case, plaintiff indicated that a memorandum in support of her objection to defendant's motion for summary judgment had been delivered to

HCP that morning.[1]  Notably, plaintiff asserted that she "was not asking for a continuance on the issue," but rather that she "[felt] that * * * defendant's motion [was] a bit premature."  The plaintiff asked the court for an "opportunity to inquire as to whether or not the landlord at some point in time did repair the premises."  According to plaintiff, "[i]f it comes to the point where there has been no undertaking by the landlord to repair the premises, then at that point * * * defendant's motion would be ripe."  The defendant argued in response that the complaint in this case was filed in 2010 and the motion for summary judgment had been filed two months before the hearing.  Further, defendant contended that any depositions necessary to plaintiff's case should have been conducted before the hearing date.

At the conclusion of the hearing, the trial justice stated that plaintiff "had a duty before [that day] to address" any issues raised by defendant's summary judgment motion under Rule 56 of the Superior Court Rules of Civil Procedure or to present an affidavit or conduct discovery to show the existence of a material fact.  Ultimately, the trial justice found that there was no genuine issue of material fact as to any of the three exceptions articulated in Holley: "under the case law, a commercial [lessor] is not liable, or does not have a duty of care to an invitee of a tenant, except under those three exceptions."  Accordingly, the trial justice granted HCP's motion for summary judgment.  Judgment entered on February 15, 2012, and plaintiff filed a timely notice of appeal.

Before this Court, plaintiff argues that, although "[p]reliminary discovery was conducted * * *, no depositions [had] been taken by any party" and "summary judgment should not have been granted * * * based solely on a waiver of premises liability in a contract."  The plaintiff further contends that HCP owed a duty of care to plaintiff and that plaintiff "should have been

---

[1]  We pause to note that the record does not reflect that plaintiff's memorandum was filed with the Superior Court.

allowed to obtain evidence to support this finding."

HCP, on the other hand, argues that summary judgment was appropriate because plaintiff failed to show that HCP had a duty of care to plaintiff and, further, that the trial justice did not abuse her discretion in denying plaintiff's request for a continuance to conduct further discovery.

**Standard of Review**

"[T]his Court reviews a grant of summary judgment de novo." Allstate Insurance Co. v. Ahlquist, 59 A.3d 95, 97 (R.I. 2013) (quoting Moore v. Rhode Island Board of Governors for Higher Education, 18 A.3d 541, 544 (R.I. 2011)). "We view the evidence in the light most favorable to the nonmoving party; and, 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,]' we will affirm the judgment." Id. (quoting Berman v. Sitrin, 991 A.2d 1038, 1043 (R.I. 2010)).

Although complaints sounding in negligence generally are not amenable to summary judgment and should be resolved by fact finding at the trial court, the existence of a duty is a question of law. See Ouch v. Khea, 963 A.2d 630, 633 (R.I. 2009) (whether a defendant owes a plaintiff a duty of care "is a question of law to be determined by the court" (citing Martin v. Marciano, 871 A.2d 911, 915 (R.I. 2005)). In the absence of a duty of care, "the trier of fact has nothing to consider and a motion for summary judgment must be granted." Holley, 968 A.2d at 274 (quoting Banks v. Bowen's Landing Corp., 522 A.2d 1222, 1225 (R.I. 1987)); see also DeMaio v. Ciccone, 59 A.3d 125, 130 (R.I. 2013) ("[T]his Court has recognized that 'issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner.'" quoting Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005)); DeNardo v. Fairmount Foundries Cranston, Inc., 121 R.I. 440, 448, 399 A.2d 1229, 1234 (1979) ("In Rhode Island the general rule is that negligence is a question for the jury unless the facts

- 4 -

warrant only one conclusion."). "The motion justice may treat the issue of negligence as a matter of law only if the 'facts suggest only one reasonable inference.'" DeMaio, 59 A.3d at 130 (quoting Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 77, 376 A.2d 329, 333 (1977)).

## Discussion

In setting forth a negligence claim, "a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Holley, 968 A.2d at 274 (quoting Willis v. Omar, 954 A.2d 126, 129 (R.I. 2008)). Indeed, "[t]o prevail on a negligence claim, a plaintiff must show that the defendant owed the plaintiff a duty and also that the defendant breached that duty." Lamarque v. Centreville Savings Bank, 22 A.3d 1136, 1140 (R.I. 2011) (citing Berman, 991 A.2d at 1047); Haley v. Town of Lincoln, 611 A.2d 845, 848 (R.I. 1992). We repeatedly have opined that whether a defendant has a duty of care toward a plaintiff is a question of law for the Court. See Holley, 968 A.2d at 274; see also Berman, 991 A.2d at 1043 ("[I]t is well settled that in a negligence action, '[w]hether a duty exists in a particular situation is a question of law to be decided by the court.'" quoting Ferreira v. Strack, 636 A.2d 682, 685 (R.I. 1994)). "Only when a party properly overcomes the duty hurdle in a negligence action is he or she entitled to a factual determination on each of the remaining elements: breach, causation, and damages." Holley, 968 A.2d at 274 (quoting Ouch, 963 A.2d at 633). Here, we are satisfied that plaintiff failed to demonstrate that defendant owed a duty of care to the invitees of its tenant.

As defendant has suggested, the facts of this case are analogous to facts we confronted in Holley, 968 A.2d at 272-74. In Holley, the plaintiffs argued that the defendant had a duty to maintain the premises where plaintiff's alleged injury had occurred; but we held that,

- 5 -

"under our well-settled law, a commercial landlord owes a duty of care to an invitee of its tenant only under the narrowest of circumstances * * * [and that] such a landowner is not liable for injuries that the tenant's invitee suffers on the leased premises, 'unless the injury results from the landlord's breach of a covenant to repair in the lease, or from a latent defect known to the landlord but not known to the tenant or guest, or because the landlord subsequently has assumed the duty to repair.'" Id. at 274 (quoting Lucier v. Impact Recreation, Ltd., 864 A.2d 635, 640 (R.I. 2005)).

The plaintiff has failed to prove that any of the three exceptions apply in this case. The master lease agreement between HCP and Healthtrax did not contain a covenant for HCP to repair; rather, it provided specifically that the tenant bore the responsibility for the maintenance and repair of the premises. See Holley, 968 A.2d at 275. Further, the icy surface on which plaintiff slipped and sustained her injury cannot be considered a latent defect known only to HCP because it was a weather condition. We have determined "that a latent defect is 'a defect that is undiscoverable upon reasonable inspection.'" Id. (quoting Neri v. Nationwide Mutual Fire Insurance Co., 719 A.2d 1150, 1154 (R.I. 1998)). Finally, plaintiff failed to produce any evidence demonstrating that HCP assumed a duty to repair the premises. See id. Therefore, we discern no error in the trial justice's decision to grant defendant's motion for summary judgment.

We briefly turn to plaintiff's second appellate contention—namely, that it was error for the trial justice not to grant her a continuance. The record before us discloses that plaintiff informed the trial justice that she was "not asking for a continuance on the issue." In light of that concession and in accordance with our well-settled "raise-or-waive" doctrine, we deem this issue waived.[2]

---

[2] See, e.g., State v. Kluth, 46 A.3d 867, 876 (R.I. 2012) (noting that, "[p]ursuant to [this Court's] frequently invoked raise or waive rule, [the Court] shall 'not review issues that were not presented to the trial court in such a posture as to alert the trial justice to the question being raised,'" quoting State v. Figuereo, 31 A.3d 1283, 1289 (R.I. 2011)).

Furthermore, a decision to grant or deny a continuance in accordance with Rule 56(f) of the Superior Court Rules of Civil Procedure is discretionary in nature.[3] See Holley, 968 A.2d at 275 (citing Chevy Chase, F.S.B. v. Faria, 733 A.2d 725, 727 (R.I. 1999)). The rule "clearly mandates that the party opposing the motion for summary judgment file affidavits stating why he or she cannot present facts in opposition to the motion." Id. at 276 (quoting Rhode Island Depositors' Economic Protection Corp. v. Insurance Premium Financing, Inc., 705 A.2d 990, 990 (R.I. 1997) (mem.)). Here, as in Holley, the plaintiff did not file an affidavit in opposition to the defendant's motion for summary judgment or an affidavit to substantiate the need for a continuance; in fact, the plaintiff did not present a memorandum in support of her objection to the defendant's motion for summary judgment until the morning of the hearing. Thus, had this issue not been waived, we are of the opinion that the trial justice did not abuse her discretion in declining to grant a continuance.

**Conclusion**

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.

---

[3] Rule 56(f) of the Superior Court Rules of Civil Procedure provides:

> "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."


**TITLE OF CASE:**        Diane Berard v. HCP, Inc., et al.

**CASE NO:**        No. 2012-164-Appeal.
(KC 10-1605)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  May 15, 2013

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For Plaintiff:  John D. Osei, Esq.

For Defendant:  Kevin N. Rolando, Esq.