**Supreme Court**

No. 2013-306-Appeal.
No. 2014-27-Appeal.
(PM 12-4203)

|  |  |
|---|---|
| | : |
| Atwood Health Properties, LLC | |
| | : |
| v. | : |
| | |
| Calson Construction Company | : |
| | |
| v. | : |
| | |
| Gem Plumbing & Heating Co., Inc. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2013-306-Appeal.
No. 2014-27-Appeal.
(PM 12-4203)

|  | : |
| Atwood Health Properties, LLC | |
| v. | : |
| Calson Construction Company | : |
| v. | : |
| Gem Plumbing & Heating Co., Inc. | : |

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  The defendant, Calson Construction Company (Calson), and the third-party defendant, Gem Plumbing & Heating Co., Inc. (GEM), (collectively, defendants), appeal a Superior Court order confirming an arbitration award in favor of the plaintiff, Atwood Health Properties, LLC (Atwood or plaintiff).  This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments of the parties and examining the record and memoranda that were filed in this case, we are of the opinion that cause has not been shown, and we summarily affirm the order confirming the arbitration award.

## Facts and Travel

In December 1999, Atwood contracted with Calson to construct a three-story medical office building in Johnston, Rhode Island.  Calson engaged GEM, as a subcontractor, to design and install a heating, ventilation, and air conditioning (HVAC) system in accordance with

specifications provided by the project architect, Robinson Baretta Corporation (RBC). The project was completed in January of 2001, and Calson issued a one-year warranty, as required by its contract with Atwood. Thereafter, Atwood experienced compressor failures at the newly constructed facility.[1] For several years, the manufacturer replaced the compressors under its warranty with GEM. However, in 2005, the manufacturer refused to provide more replacement compressors, and the compressors continued to improperly function.

On January 23, 2006, Atwood sold the building to Atwood Medical Properties, LLC (AMP). However, after the compressors in the HVAC system continued to fail, AMP filed suit against Atwood, alleging that Atwood had misrepresented the condition of the HVAC system. Atwood agreed to pay for a new HVAC system and, in turn, initiated arbitration proceedings against Calson to recover the cost of the new HVAC system. Calson consequently initiated a separate arbitration proceeding against GEM, for indemnification in accordance with its contract with GEM. The two proceedings subsequently were consolidated.[2]

The arbitration proceeding included not only witness testimony but also more than 500 pages of exhibits. The arbitrator issued an "Interim Award of Arbitrator[,]" which was later affirmed and incorporated in a "Final Award of Arbitrator" (arbitration award). The arbitration award declared that Calson breached its contract with Atwood, "in that it designed and built, through subcontractor GEM, an HVAC system that experienced repeated compressor failures[.]" The arbitration award also found that "GEM breached its contract with Calson in that it designed

---

[1] All the compressors that failed had been installed by GEM.

[2] A hearing was held in Superior Court, on February 12, 2013, to determine whether or not the two proceedings had been merged or consolidated; however, the trial justice declined to make a ruling. Because the question of whether or not the cases were merged or consolidated has no bearing on our decision in this case, we decline to address it. What is clear is that we are confronted with a single arbitration award.

and built the defective system." Accordingly, the arbitrator concluded that Calson should pay Atwood $358,223.42 on or before August 1, 2012 and that GEM should pay Calson that same amount on or before July 20, 2012.[3]

On August 15, 2012, Atwood filed a motion in Providence County Superior Court to confirm the arbitration award. In response to Atwood's motion, GEM moved to vacate or modify the arbitration award. Thereafter, Calson also filed a motion to confirm the arbitration award.[4] On September 24, 2013, the trial justice issued a final judgment confirming the arbitration award and denying GEM's motion to vacate or modify it. Calson and GEM timely appealed.

**Standard of Review**

"Judicial review of arbitration awards is 'statutorily prescribed and is limited in nature.'" Wheeler v. Encompass Insurance Co., 66 A.3d 477, 480 (R.I. 2013) (quoting Buttie v. Norfolk & Dedham Mutual Fire Insurance Co., 995 A.2d 546, 549 (R.I. 2010)). Grounds for vacating or modifying an arbitration award are found in the Arbitration Act, G.L. 1956 chapter 3 of title 10. Section 10-3-12 sets forth the narrow conditions pursuant to which an arbitration award must be vacated:

> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

---

[3] The arbitration award also declared that "Calson [was] entitled to be reimbursed by GEM for attorney's fees and costs in the amount of $27,381.21" on or before July 20, 2012 and that interest was to be added onto all amounts if not paid by the date specified in the arbitration award.

[4] Calson's motion was titled "motion for clarification and for entry of order or in the alternative, to confirm the final arbitration award[.]"

"(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

Additionally, § 10-3-14 directs the courts to modify or correct an award under the following limited circumstances:

"(a)   * * *

"(1) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

"(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

"(3) Where the award is imperfect in matter of form not affecting the merits of the controversy.

"(b) The order must modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

"Generally, arbitration awards cannot be vacated or modified for errors of law and may be disturbed only in narrow circumstances." Wheeler, 66 A.3d at 481 (citing Aponik v. Lauricella, 844 A.2d 698, 703-04 (R.I. 2004)). "This Court will overturn an arbitration award 'only if the award was irrational or if the arbitrator[ ] manifestly disregarded the law.'" Id. (quoting Aponik, 844 A.2d at 703). "We hasten to add, however, that in passing on an appeal from an order confirming or vacating an arbitration award, this Court is not without authority to 'make such orders * * * as the rights of the parties and the ends of justice require.'" Id. (quoting § 10-3-19).

- 4 -

**Analysis**

On appeal, defendants assert that the trial justice erred in confirming the arbitration award. Although Calson argues before this Court that the trial justice improperly confirmed the arbitration award, it failed to object to Atwood's request for confirmation and, in fact, also requested that the Superior Court confirm the arbitration award. Thus, according to this Court's "raise-or-waive" doctrine, we deem Calson's appeal waived.[5]

Turning to GEM's appeal, GEM argues that the trial justice improperly confirmed the arbitration award, alleging that: (1) the arbitrator manifestly disregarded the contract and applicable law when he failed to make a finding of negligence before determining that GEM was in breach—a finding that GEM avows was required according to the indemnity clause in the contract with Calson; (2) the arbitrator's reliance on the indemnification provision was in violation of G.L. 1956 § 6-34-1; (3) Atwood's claims are time-barred; and (4) the calculation of damages was irrational. After a thorough review of the record, we are not persuaded by GEM's contentions. Accordingly, we affirm the trial justice's determination and confirm the arbitration award.

First, GEM asserts that the arbitrator irrationally invoked the indemnification provision.[6] An arbitrator's award will not be overturned for mere errors of law. See Wheeler, 66 A.3d at 483. "In fact, 'awards premised on "clearly erroneous" interpretations of [a] contract have been

---

[5] See Berard v. HCP, Inc., 64 A.3d 1215, 1219 n.2 (R.I. 2013) (noting that the Court "shall 'not review issues that were not presented to the trial court in such a posture as to alert the trial justice to the question being raised,'" quoting State v. Kluth, 46 A.3d 867, 876 (R.I. 2012)).

[6] The indemnity provision in the subcontract agreement between Calson and GEM stated that GEM would indemnify Calson if GEM was negligent. Because the arbitrator found that GEM breached its contract with Calson, he did not make a finding as to GEM's negligence; accordingly, GEM asserts that it was irrational for the arbitrator to find that it owed Calson damages without so doing.

affirmed where the result was rationally based upon the contract.'" Purvis Systems, Inc. v. American Systems Corp., 788 A.2d 1112, 1117-18 (R.I. 2002) (quoting Jacinto v. Egan, 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978)). Here, the arbitrator determined that GEM was obligated to pay Calson damages, attorneys' fees, and costs, pursuant to Section 5.1 of their agreement— the indemnity clause. We agree with GEM that the arbitrator's reliance on this provision is erroneous because the indemnity clause is designed to protect Calson from negligent acts by GEM and its agents and does not embrace negligent performance of the contract. This error, however, does not affect the award in this case. Although the arbitrator may have erred in relying on the indemnification clause of the contract when declaring that GEM pay damages to Calson, this is not a manifest disregard of the contract and is an insufficient basis to overturn the arbitration award. In order to find GEM responsible for damages to Calson, the arbitrator did not need to resort to the indemnity clause because other sections of the agreement support his determination, including Article 3, section 3.1, which provides in relevant part that:

> "[GEM is obligated to] take down and/or rebuild all portions of the Work which the Architect, Owner, or Contractor shall * * * condemn as unsound or improper, or as in any way failing to conform to the Contract Documents."

Section 3.17 provides in pertinent part:

> "[GEM] guarant[eed] its Work and, without limiting the foregoing, agrees to make good, at no cost to [Calson] or the Owner, any and all defects due to nonconformity or imperfect workmanship or material; and [GEM] shall pay for any damages resulting therefrom, including any for which [Calson] may be liable under the Contract Documents or by law."

In this case, the findings of the arbitrator that the HVAC system improperly was installed fall within this provision of the contract. We are satisfied that the arbitrator's decision "'draws its essence' from the contract and is sufficiently 'grounded in the contract' to be within the scope of

his authority." Jacinto, 120 R.I. at 913-14, 391 A.2d at 1176 (quoting United Steelworkers of America, AFL-CIO v. United States Gypsum Co., 492 F.2d 713, 731, 732 (5th Cir. 1974)).

Next, GEM asserts that the arbitrator's reliance on the indemnification provision was in violation of § 6-34-1 and constituted a manifest disregard for the law.[7]  The record does not support GEM's contention that the arbitrator manifestly disregarded the law.  A "review of an arbitration award does not permit 'judicial re-examination' of the relevant contractual language." Berkshire Wilton Partners, LLC v. Bilray Demolition Co., 91 A.3d 830, 837 (R.I. 2014) (quoting Jacinto, 120 R.I. at 912, 391 A.2d at 1175).  "Only when the arbitrator's decision rises above the high-water marks of implausibility, irrationality, manifest disregard, or failure to draw its essence from the agreement may a court intervene and strike it down." Id. at 838.  Section 3.17 of the agreement between GEM and Calson provided that GEM was required to deliver workmanship that was "first-class quality, free from faults and defects and in conformance with the Contract Documents."  Also, GEM agreed,

> "to make good, at no cost to the Contractor or the Owner, any and all defects due to nonconformity or imperfect workmanship or material; and [GEM] shall pay for any damages resulting therefrom, including any for which the Contractor may be liable under the Contract Documents or by law."

The arbitrator determined that GEM breached its agreement with Calson and, therefore, was liable for the corrective work performed on the HVAC system.  Although the arbitrator's reliance on the indemnity clause may have been erroneous, we are of the opinion that the arbitrator's interpretation of the agreement was plausible and rational and did not manifestly disregard the law.

---

[7] General Laws 1956 § 6-34-1 provides that a subcontractor cannot be required to indemnify a general contractor for the general contractor's own negligence and that any indemnification agreement to the effect is void.

GEM also argues that Atwood's claims against Calson are time-barred and that, therefore, Calson's claims against GEM also are time-barred. According to GEM, Atwood failed to challenge Calson's work within the time limit specified in its contract with Calson. However, Calson failed to raise this argument in Superior Court and is precluded from doing so here. See Berard v. HCP, Inc., 64 A.3d 1215, 1219 n.2 (R.I. 2013). GEM also is precluded from asserting that Atwood's claims are time-barred under the Atwood-Calson contract because GEM was not a party to that contract.

Lastly, GEM contends that the arbitration award was irrational, as the arbitrator miscalculated the amount of damages and failed to support his calculations by reference to the record. "This Court has held that unless provided otherwise, 'arbitrators of a commercial dispute, like a jury, are under no obligation to set out the reasons for their award or the findings of fact or conclusions of law on which that award is premised.'" Purvis Systems, Inc., 788 A.2d at 1118 (quoting Westminster Construction Corp. v. PPG Industries, Inc., 119 R.I. 205, 209, 376 A.2d 708, 710 (1977)). In this case, the damages awarded appear to be rationally related to the costs incurred in investigating and correcting the defective HVAC system.

## Conclusion

For the reasons articulated in this opinion, we affirm the judgment of the Superior Court. The record is remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Atwood Health Properties, LLC v. Calson Construction Company v. Gem Plumbing & Heating Co., Inc.

**CASE NO:**   No. 2013-306-Appeal.
No. 2014-27-Appeal.
(PM 12-4203)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   March 17, 2015

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice William E. Carnes, Jr.

**ATTORNEYS ON APPEAL:**

For Plaintiff:  David D. Barricelli, Esq.

For Defendants:  Daryl E. Dayian, Esq.
Kevin M. Daley, Esq.