February 6, 2020

**Supreme Court**

No. 2018-356-Appeal.
(PC 16-5615)

Esther Yanku                    :

v.                              :

Walgreen Co. et al.             :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| Esther Yanku | : |
| v. | : |
| Walgreen Co. et al. | : |

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Goldberg, for the Court.**  In this slip-and-fall case, the plaintiff, Esther Yanku, an eighty-three-year-old woman, tripped over a speed bump in the parking lot of a Walgreens Pharmacy, sustaining injuries.  The plaintiff sued the defendants, Walgreen Co. and Walgreen Eastern Co., Inc. (Walgreens), the tenant of the property, and the owners and landlords, Jean Farmanian-Ricci and Joan Frattarelli, Co-Trustees of the Revocable Trust of Armen N. Farmanian (the landlords) (collectively defendants), alleging several counts, including negligence, premises liability, and vicarious liability.  The trial justice granted summary judgment in favor of the defendants, and the plaintiff appealed.

This case came before the Supreme Court on December 3, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and having reviewed the memoranda filed by the parties, we are satisfied that cause has not been shown, and we proceed to decide this appeal.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

At approximately 6 p.m. on December 31, 2013, plaintiff drove her vehicle into the parking lot of the Walgreens Pharmacy located at 1010 Park Avenue in Cranston, Rhode Island. Although plaintiff had a handicapped parking pass, the parking lot was busy, so she parked in the first available parking space and began walking toward the entrance. Before she reached the store, she tripped over a yellow speed bump in the parking lot. The plaintiff filed a six-count complaint against defendants, alleging two counts of negligence based on premises liability, one count of vicarious liability, one count of negligent training and supervision, one count of negligent hiring and retention, and one count of negligent failure to exercise ordinary care.

During discovery, defendants propounded interrogatories and deposed plaintiff. In her answers to interrogatories, plaintiff stated that she "saw a number of yellow lines on the parking lot surface[,]" but "did not realize that one of the yellow lines was the speed bump." The plaintiff also stated: "I did not see anything that would have put me on notice that there was a speed bump or that the parking lot surface was raised in that area. There were too many yellow lines."

During plaintiff's deposition, she stated that she did not recall driving over a speed bump when she entered the parking lot, nor did she notice the speed bump before she fell. According to plaintiff, she "wasn't sure it was a bump, because [she] thought it was one of those yellow parking spot lines, because it was yellow and [she] was just walking." The plaintiff also stated that she had previously been to that Walgreens Pharmacy on numerous occasions. When asked if she had noticed the speed bump in the parking lot on any previous occasions, she responded: "I must have."

The defendants filed motions for summary judgment under Rule 56(b) of the Superior Court Rules of Civil Procedure.[1]  After a hearing on the motions, the trial justice, in a bench decision, granted summary judgment in favor of defendants based on her finding that plaintiff "fail[ed] to provide any direct or circumstantial evidence that would give rise to a reasonable inference that a hazardous condition existed on the premises."[2]  On October 20, 2018, the trial justice entered an order granting defendants' motions for summary judgment as well as a final judgment in favor of defendants.  The plaintiff filed a timely notice of appeal on November 1, 2018.

## Standard of Review

"[T]his Court reviews a grant of summary judgment *de novo*." *Ballard v. SVF Foundation*, 181 A.3d 27, 34 (R.I. 2018) (quoting *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I.

---

[1] Rule 56(b) of the Superior Court Rules of Civil Procedure provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the party's favor as to all or any part thereof."

[2] We pause to note that, in July 2019, the General Assembly amended G.L. 1956 § 9-20-4 to provide that an open and obvious danger will no longer act as a complete bar to recovery for plaintiffs in personal injury actions.  The amended provision is as follows:

> "In all actions hereafter brought for personal injuries, or where personal injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property or person having control over the property, may not have been in the exercise of due care or *the fact that the danger or defect was open and obvious shall not bar a recovery, but damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured*, or the owner of the property or the person having control over the property." Section 9-20-4 (emphasis added).

The act also provided that "the 'open and obvious' amendment shall only apply to personal injuries or personal injuries that have resulted in death or injury to property that occur after [July 15, 2019]."  Because plaintiff's alleged injuries in the present case occurred before the amendment went into effect, it is not available to this litigant.

2013)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Id.* (brackets omitted) (quoting *Sullo*, 68 A.3d at 406-07). "Although summary judgment is recognized as an extreme remedy, to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (brackets and deletion omitted) (quoting *Sullo*, 68 A.3d at 407). "In the absence of a credible showing of the existence of material facts, summary judgment is warranted." *Id.*

### Analysis

The issue on appeal is whether the speed bump presented a dangerous condition on the premises or, in the alternative, was an "open and obvious" danger. The plaintiff posits a rather novel argument that a speed bump is a *per se* inherently dangerous condition and can only constitute an open and obvious danger if it is properly designed, maintained, and marked with warning signs. The plaintiff submits that the speed bump was negligently constructed and maintained because it was painted the same color as the lines for the individual parking spaces in the parking lot, and because the parking lot was not properly illuminated. In any event, plaintiff contends that the issue of whether the speed bump was a dangerous condition was a genuine issue of material fact that should have been resolved by a jury rather than by the trial justice.

The defendants counter that the trial justice did not err in granting summary judgment in their favor because plaintiff failed to produce competent evidence to establish that the speed bump presented an unreasonable danger or that it was negligently constructed and maintained. The landlords proffer an additional argument based on their status as the commercial landlords of

- 4 -

the property.  The landlords acknowledge that commercial landlords in Rhode Island owe a duty of care to their tenant's invitees in limited circumstances, but they argue that, because none of those circumstances apply in this case, they did not owe plaintiff a duty of care.

We begin with the landlords' argument that, based on their status as commercial landlords of the property, they did not owe plaintiff a duty of care.  In Rhode Island, it is well settled that "a commercial landlord owes a duty of care to an invitee of its tenant only under the narrowest of circumstances[.]" *E.g.*, *Berard v. HCP, Inc.*, 64 A.3d 1215, 1219 (R.I. 2013) (quoting *Holley v. Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009)).  A commercial landlord "is not liable for injuries that the tenant's invitee suffers on the leased premises, unless the injury results from the landlord's breach of a covenant to repair in the lease, or from a latent defect known to the landlord but not known to the tenant or guest, or because the landlord subsequently has assumed the duty to repair." *Id.* (quoting *Holley*, 968 A.2d at 274).

The plaintiff failed to prove that any of the three exceptions apply in this case.  The lease agreement between Walgreens and the landlords does not contain a covenant requiring the landlords to repair the parking lot.[3]  Rather, the tenant, Walgreens, is required to maintain and

---

[3] Section 7(a) of the lease between Walgreens and the landlords, entitled "Parking," provides, in part:

> "Tenant shall, from time to time during the Term of this Lease maintain, repair, remove snow and ice from, stripe, light and clean the above mentioned parking areas and other facilities."

Section 10(a) of the lease, entitled "Repairs, Conformity with the Law," provides, in part:

> "Tenant shall repair and replace heating and cooling equipment serving only the building on the Leased Premises, shall make plate glass replacements unless required by fault of Landlord, and shall make repairs to the interior of the Leased Premises all except as provided below.  Landlord shall maintain and make all repairs to the exterior and structural portions of the building, roof, and to

repair the parking lot. The landlords are responsible only for repairing and maintaining the exterior and structural portions of the building and for repairs caused by either the fault of the landlords "or by fire, casualty or the elements, or by dry rot or termites." Moreover, plaintiff did not produce any competent evidence to establish that the speed bump was a latent defect known to the landlords but unknown to plaintiff. *See Bromaghim v. Furney*, 808 A.2d 615, 617 (R.I. 2002) ("In cases involving a latent defect, the plaintiff must prove that 'sufficient evidence existed to show that the [commercial landlords] knew or should have known of an unsafe condition on their premises.'") (quoting *Massart v. Toys R Us, Inc.*, 708 A.2d 187, 189 (R.I. 1998)). The plaintiff also failed to produce any competent evidence that the landlords assumed a duty to repair the parking lot. Thus, we conclude that the trial justice properly granted summary judgment in favor of the landlords because plaintiff did not produce competent evidence to create a genuine issue of material fact as to whether the landlords owed plaintiff a duty of care. *See Berard*, 64 A.3d at 1219.

We now turn to whether the trial justice erred in granting summary judgment in favor of Walgreens. In opposing a motion for summary judgment, the nonmoving party must "produce competent evidence that establishes a genuine issue of material fact." *Voccola v. Stop & Shop Supermarket Company, LLC*, 209 A.3d 558, 561 (R.I. 2019). In a slip-and-fall case, one of the threshold inquiries is whether the plaintiff produced evidence of a dangerous condition "on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time [that] the owner of the premises should have taken steps to correct the condition." *Id.* at 560-61 (quoting *Bromaghim*, 808 A.2d at 617). So, at a summary judgment

---

pipes, ducts, wires and conduits leading to and from the building on the Leased Premises. Landlord shall make all repairs required by causes the fault of Landlord, or by fire, casualty or the elements, or by dry rot or termites."

hearing in a slip-and-fall case, the plaintiff must "present evidence that [his or] her fall was the result of an unseen danger[.]" *Id.* at 561.

The trial justice in this case determined that plaintiff failed to provide any direct or circumstantial evidence that would give rise to a reasonable inference that a dangerous condition existed on the premises. We review a trial justice's grant of summary judgment *de novo* and view the evidence in the light most favorable to the nonmoving party to determine if the nonmoving party produced competent evidence of a disputed issue of material fact. *Ballard*, 181 A.3d at 34. Our task has been made more difficult in this case, however, due to plaintiff's failure to order the transcript from the hearing on the motions for summary judgment.

Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure requires the appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." We have stated that the deliberate decision to prosecute an appeal without providing the Court with a transcript of the trial court proceedings is risky business. *Mills v. C.H.I.L.D., Inc.*, 837 A.2d 714, 719 (R.I. 2003). "Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." *Id.* (quoting *731 Airport Associates, LP v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I. 2002)).

The plaintiff's failure to order the transcript of the summary judgment hearing is fatal to her appeal because it is impossible to conduct a meaningful review of this case; the parties' arguments at the summary judgment hearing are unknown, and the trial justice did not issue a written decision. *Compare Mills*, 837 A.2d at 719 (explaining that the plaintiff's failure to order the transcript was fatal to her appeal because the trial justice's reasoning was unknown); *with*

*731 Airport Associates*, 799 A.2d at 282 (allowing the appeal to proceed despite the plaintiff's failure to order the transcripts because the trial justice issued a written decision and the plaintiff accepted the factual findings of the trial justice on appeal).

Notwithstanding, the record is also devoid of any affidavits or expert testimony supporting plaintiff's argument that the speed bump constituted a dangerous condition. The plaintiff's allegation that the speed bump was a dangerous condition, without more, is not competent evidence of a dangerous condition on the premises; rather, it "is nothing more than 'conjecture or speculation.'" *Habershaw v. Michaels Stores, Inc.*, 42 A.3d 1273, 1277 (R.I. 2012) (quoting *Santiago v. First Student, Inc.*, 839 A.2d 550, 552 (R.I. 2004)). Again, "[w]e reiterate that 'the mere occurrence of an accident, without more, does not warrant an inference that a defendant has been negligent.'" *Id.* (quoting *Santiago*, 839 A.2d at 552).

Thus, after a careful review of the record and the papers submitted by the parties, and without the ability to review the transcript to determine what the parties argued at the summary judgment hearing, we are constrained to conclude that the trial justice properly granted summary judgment in favor of Walgreens.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Esther Yanku v. Walgreen Co. et al. |
| **Case Number** | No. 2018-356-Appeal. (PC 16-5615) |
| **Date Opinion Filed** | February 6, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Wayne G. Resmini, Esq.<br><br>For Defendants:<br><br>Aimee Walsh Wensus, Esq.<br>Joshua E. Carlin, Esq.<br>Stacy K. Hurley, Esq. |