Alice Lapierre *vs.* Ralph F. Greenwood *d.b.a.* Stafford Mills.

JUNE 21, 1957.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J.   This is an action of trespass on the case for negligence arising out of a fall by the plaintiff upon a stairway in the defendant's store in Pawtucket.   The case was tried in the superior court before a justice thereof sitting with a jury, which returned a verdict for the plaintiff for $15,000.   The defendant filed a motion for a new trial which was denied.   His exceptions to the denial of his motions for a directed verdict and for a new trial, to certain adverse rulings on evidence, and to the refusals of the trial justice to charge as requested make up his bill of exceptions.

The plaintiff, who is a dressmaker, together with a friend Margaret Guestello visited defendant's store on March 9, 1950.   They went to the second floor, but made no purchases and then they started to walk down the stairs.   When part way down plaintiff, as she testified, caught her left heel on the third or fourth stair, lost her balance and fell the rest of the way to the first floor.   She suffered a compound fracture of her left ankle and was out of work for a year.

Since defendant has waived his exceptions to the rulings on evidence, the first exception on which he relies is to the refusal of the trial justice to direct a verdict in his favor.

The declaration alleges that "the stair covering was in a worn and dilapidated condition."   According to Webster's New International Dictionary (2d ed. 1946) p. 730, "dilapidated" means "Decayed; fallen into partial ruin; injured by bad usage or neglect."   The synonym is "ruined."

We have frequently stated the duty of a storekeeper to his customers.   He is not an insurer and is liable only for negligence which is subjecting his customers to an unreasonable risk of harm.   In *Langley* v. *F. W. Woolworth Co.*, 47 R. I. 165, at page 167, it is stated: "The duty of a storekeeper to an invitee or business visitor is to use reasonable

care to keep the premises in a safe condition for the purposes of the invitation." It is equally well settled that the plaintiff must prove the specific negligence alleged. In *Faubert* v. *Shartenberg's, Inc.*, 59 R. I. 278, at page 281, the court held: "* * * it is necessary that a plaintiff invitee, to recover, must allege and prove some specific acts of commission or omission by the defendant which amount in law to negligence * * *."

The plaintiff in the case at bar testified: "I got my heel caught, must have been a hole or something." In response to the following question: "In other words, what caught your heel?" she answered: "Well, I don't know. It had to be something; I felt it." Mrs. Guestello testified: "I thought her foot got caught somewhere * * *." The plaintiff's physician Dr. John H. Gordon testified that she told him she caught her heel on a carpet on the stairs, and the hospital record is to the same effect. The plaintiff stated that the black rubber matting on the treads "looked old and worn." Mrs. Guestello testified with reference to the stair covering: "No seem new, seem old." The plaintiff was so badly injured that she could not examine the stairs after she fell, and her friend was so upset by the accident that she did not do so. Since the latter testified that she did not look at the stairs when she walked up, her testimony as to the condition of the stairs is practically negative.

The plaintiff was "positive" that when she went up the stairs only the treads were covered and she particularly described the covering as a rubber matting nailed to the treads. It would appear that plaintiff took particular notice of the stairs and such being the case she should have seen breaks or holes in the covering if there were any. It was incumbent on her to show that the covering on the stairs on which she fell was "worn and dilapidated." This she failed to do. The words "old and worn" as testified by plaintiff are too indefinite to fix liability on the store-

keeper. See *Shinkwin* v. *H. L. Green Co.*, 318 Mass. 70, 71. To require the storekeeper to keep the covering new would be an unreasonable burden. See *Walker* v. *F. & W. Grand Five-Ten-Twenty-Five-Cent Stores, Inc.*, 5 N. J. Misc. 541, aff'd 104 N.J.L. 450. However, if the covering was worn to the point of dilapidation he could be found liable. There is no evidence direct or by reasonable inference whatever that there were any breaks or holes in the tread or treads on which plaintiff claims to have fallen. The fact that she caught her heel and fell is not disputed but that is no evidence of negligence.

In *Ziegler* v. *Providence Biltmore Hotel Co.*, 59 R. I. 326, this court, at page 330, stated: "Counsel for plaintiff contends substantially that the second stair must have been slippery and dangerous because she slipped and fell on it. This reasoning begs the question to be proved and is therefore faulty. She might have fallen because of any of several other causes of which the defendant had no reasonable notice and for which it would not be liable. We have held recently that an invitee's fall on the premises of an invitor is not, of itself, evidence of the latter's negligence in maintaining a floor in an alleged slippery and dangerous condition." As is said in 4 Shearman & Redfield on Negligence (rev. ed.) §797, p. 1820: "It is not uncommon for a person to fall down stairs when there is no defect in the stairway or its covering. A heel may catch on the edge of the stair, or the carpet, and a fall results. The fault rests, not with the stairway, but with the person who so placed his foot."

The plaintiff was wearing open-toed shoes with heels three inches high on the outside, two and one-half inches on the inside tapering to a rubber lift approximately one inch square. She admitted that the rubber lift on the left heel was "worn pretty much toward the back part." The other heel was also worn in the same place but not as much as the left heel. The plaintiff's fall may well have been caused by the way she stepped, and the catching of her rub-

ber heel on the rubber matting in no way indicates any defect in the matting.

In *Wyzga* v. *David Harley Co.*, 60 R. I. 480, 482, the plaintiff fell on the defendant's stairway. There was testimony "that the board in question, when they viewed it, was worn at its edge 'down to a point like,' and 'it was all sharp like,' and that this condition extended back from the outer edge of the board a few inches. There was, however, no evidence that the depth of the board was completely worn through, or that the edge or nose of the board was in any manner indented, broken or slippery at the point in question." A direction of a verdict for the defendant in that case was sustained, the court saying in part, at page 483: "We are of the opinion that if the trial justice had submitted the above issues to the jury, they would have been obliged, on the evidence presented, to merely conjecture and speculate regarding the cause of the accident to the plaintiff; and that such evidence was insufficient to furnish the basis of reasonable and legitimate inferences that the defendant was guilty of the negligence complained of by the plaintiff and that such negligence was the proximate cause of the accident in question."

Assuming without deciding that there was a hole in the stair covering where the plaintiff caught her heel, there is absolutely no evidence that the hole was there long enough to charge the defendant with notice of its existence. In *O'Brien* v. *M & P Theatres Corp.*, 71 R. I. 339, the plaintiff caught her heel on a stair in the defendant's theatre and fell. After she fell she got up on her feet and walked up four or five stairs and noticed a hole in the stair covering with frayed edges and with shiny metal beneath it. In sustaining the nonsuit this court, at page 345, stated: "In the instant case there was no evidence to show just what was the condition, immediately before the accident to the plaintiff, of the stairstep where she tripped and lost her balance. And we do not find any evidence from which the jury could

reasonably have found that the stairstep where the plaintiff lost her balance and fell was then in a dangerous condition; that her fall was caused by this condition; and that this condition was of such a character and had existed for such a length of time that, if the defendant had used reasonable care to see that the stairway was kept in a reasonably safe condition, it would have discovered its actual condition * * *."

In the instant case plaintiff's evidence on liability was not enough to take the case to the jury. She claims, however, that defendant furnished some evidence of his negligence. On cross-examination plaintiff was asked in effect if she had not told a certain person that she did not know how she fell. Also on cross-examination Mrs. Guestello was asked if she had not told another person that she saw nothing on the stairs. Those persons, who did not even see the accident, were not called to contradict plaintiff and her friend. The plaintiff argues that this warrants an inference in her favor.

In the article on evidence in 20 Am. Jur., §193, p. 195, it is stated: "It may be fairly implied from the cases that the presumption or inference arising from the failure of a party to produce available witnesses or evidence, or to testify does not amount to substantive proof and cannot take the place of proof of a fact necessary to the other party's case." Until a plaintiff has made out a prima facie case such failures do not aid him. See cases cited on page 57 of the 1955 supplement to 2 Wigmore on Evidence (3d ed.).

The defendant produced evidence that the stairs were immediately inspected and were found in no way defective; that the covering had been on there for some three years prior to the accident and was not changed until three years afterwards; and that it covered both the treads and the risers. The conflict between the plaintiff and defendant as to whether the risers were covered avails the plaintiff nothing because her claim is that she fell because of the

condition of the treads. Even if the trial justice and the jury might possibly disbelieve the defendant as to the lack of defects in the treads, such disbelief would not produce affirmative testimony that there were such defects. In *Millard* v. *Hall*, R. I., 135 Atl. 855, 856, this court remarked that where a defendant's testimony is unfavorable the plaintiff cannot expect "to have the court, not only discredit it, but adopt without evidence a view of the facts in direct contradiction to the testimony."

While this point was not developed, plaintiff notes in her statement of the facts that defendant first testified that the stairs had been re-covered between the date of the accident and the date when a picture was taken, a period of three months. He immediately corrected that statement by testifying, as did his son and son-in-law, that they were not re-covered during that period. It would seem that he misunderstood the first question. However, evidence of repair is not evidence of antecedent negligence.

In *Morancy* v. *W. & J. Hennessey*, 24 R. I. 205, at page 209, this court stated: "There was also lacking any proof to show that the machine was defective in any way, or not sufficiently guarded, or out of the ordinary use in such machines. Indeed the only reference in the testimony as to the condition of the machine was that given by the plaintiff as to certain changes made after the accident in the location of the guard, and incident thereto, but it is a well settled rule of law that evidence of precautions against further accidents taken after an accident is not competent to show antecedent negligence."

We agree with Wigmore that to assume negligence from repair is unsound. See 2 Wigmore on Evidence (3d ed.), at the beginning of §283 (4), p. 151. To the same effect see 1 Jones on Evidence (4th ed.), §288, p. 539.

The plaintiff argues vigorously that one of defendant's exhibits, a photograph, does not show the particular part of the stairs on which plaintiff claims to have fallen and

that such failure constitutes a suppression of evidence. The other photograph shows the whole stairway. This argument is inadequate to supply the lack of any evidence of negligence. Furthermore, there is no evidence that when these pictures were taken, three months after the accident, the defendant knew just where plaintiff claimed she fell. The case was started a year after the accident and neither the declaration nor the bill of particulars discloses on which step the plaintiff claims to have fallen.

In view of our conclusion, it is unnecessary to consider the defendant's other exceptions.

The defendant's exception to the denial of his motion for a directed verdict is sustained, and on July 1, 1957 the plaintiff may appear before this court and show cause, if any she has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

FLYNN, C. J., did not participate in the decision.

HEARING ON SHOW CAUSE ORDER.

OCTOBER 23, 1957.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through her attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant. At that time he presented reasons orally in support of his contention that the verdict should not be disturbed, and later by leave of court he also filed a lengthy brief.

After careful consideration of the argument and brief, we are of the opinion that the plaintiff has failed to show cause why our conclusions should be changed. Therefore the

case is remitted to the superior court for entry of judgment for the defendant as directed in the opinion.

*Aram A. Arabian,* for plaintiff.

*Higgins & McCabe, Crowe & Hetherington,* for defendant.