March 1, 2023

Ralph Mangiarelli, Jr.            :

v.            :

Town of Johnston et al.            :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ralph Mangiarelli, Jr.          :

v.                              :

Town of Johnston et al.         :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on December 1, 2022, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The plaintiff, Ralph Mangiarelli, Jr., appeals from an order of the Superior Court denying his motion for a new trial following a jury verdict in favor of the defendants, the Town of Johnston (town); Joseph Chiodo, in his capacity as Treasurer for the town; Arnold Vecchione, in his capacity as Public Works Director for the town; and John Joe, alias.[1]  On appeal, the plaintiff claims that the trial justice erred in denying his

---

[1] Although a party named John Joe is referred to as John Doe at times, this individual was never identified at trial.  Our references to defendants do not include John Joe.

motion for a new trial.[2]  For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Travel

This is a slip-and-fall case.  On July 28, 2016, plaintiff went to the Johnston Town Hall to pay his tax bill.  He parked in the visitors parking lot in the rear of the town hall and made his way towards the building's rear entrance.  According to plaintiff, he walked through the parking lot towards the building; and, as he was stepping up onto the curb, tripped and fell onto a staircase that leads up to the entrance of the building.  The plaintiff testified that:

> "[T]here's a crosswalk to go into the new patio * * * and as I was walking up, it's on an angle.  And the crosswalk meets the angle, but it's not straight.  And as I took one step up on the patio, my second foot still was on the asphalt.  When I took another step with my right foot, not realizing my foot caught the top of the curbstone, I shot towards the stairway going * * * up the stairway of the back of [t]own [h]all."

As a result of his fall, plaintiff suffered a fractured wrist, injuries to his ribs, and scrapes to an arm and leg.  A town hall employee called 911; rescue personnel from

---

[2] The procedural posture of this case is anything but smooth.  Although plaintiff argues that the trial justice erred by denying his motion for a new trial and by granting defendants' motion for judgment as a matter of law, we note that judgment entered on the jury's verdict only, not by way of judgment as a matter of law.  Furthermore, plaintiff appeals only from the denial of his motion for a new trial and not from the decision granting defendants' motion for judgment as a matter of law.  Therefore, we confine our analysis to the appropriateness of the trial justice's denial of plaintiff's motion for a new trial.

the Johnston Fire Department transported plaintiff to Our Lady of Fatima Hospital in North Providence, where he received treatment for his injuries.[3]

Prior to plaintiff's fall, in 2015, the rear entrance to the town hall had been reconstructed. The project included the demolition of the preexisting sidewalk and stairs, as well as the installation of a new ramp, stairs, handrail, sidewalk, and curb. The plaintiff testified that his fall occurred during his first visit to the town hall after the reconstruction had been completed. At the time, there was no yellow striping or signage in place on or near the curb. However, the record discloses that the construction was completed in accordance with all applicable codes.[4] After the incident, the town painted the edge of the curb yellow, and placed cones with signs reading "step up" on the curb.

The plaintiff filed this action on December 22, 2016, alleging one count of negligence. He claimed that defendants were "negligent in maintaining the premises" of the town hall in a "clean, good and safe condition," by failing to warn invitees such as him of a "dangerous condition"—namely, an "uneven and unmarked curbing" that lacked "any yellow highlighting or warning." The plaintiff alleged that, as a result of defendants' breach, he sustained personal injuries and damages.

---

[3] Before plaintiff left the town hall on a stretcher, a town employee was given his tax payment and plaintiff was mailed a receipt a few days later.

[4] These codes include the Rhode Island State Building Code, the Rhode Island Fire Safety Code, and the ADA Standards for Accessible Design.

A jury trial on plaintiff's negligence claim took place over the course of two days on October 24 and October 25, 2019. During trial, plaintiff's theory of the case was that the town was negligent because the curb presented a dangerous condition of which defendants failed to warn. At the conclusion of plaintiff's case, defendants moved for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure, arguing that plaintiff had presented no evidence as to the applicable standard of care or whether the existence of an angled curb constituted a breach of the standard of care. According to defendants, expert testimony was required to prove that the curb constituted a dangerous condition. The plaintiff objected and proffered his own motion for judgment as a matter of law. He argued that whether the angle of the curb constituted a dangerous condition was within the ken of the average juror and therefore, expert testimony was not required. The trial justice reserved her decision on the motions.

The defendants rested without presenting any evidence and renewed their motion for judgment as a matter of law. The trial justice again reserved decision on the motion. The trial justice then charged the jury, in relevant part:

> "This is a negligence case, so let me say, generally, negligence is defined as the failure of one person, acting in a given set of circumstances, to exercise that degree of care for the safety, interest or property of another person that a reasonably prudent person would ordinarily exercise in the same or similar circumstances.

"Breaking that down, in order to establish negligence, a plaintiff must prove the following: One, that the defendant owed the plaintiff a duty of care; two, that the defendant breached that duty; and, three, that the plaintiff suffered damages as a proximate result of defendant's breach.

"* * *

"In considering whether defendant owes a duty of care to plaintiff, you may consider the facts and circumstances of a particular case including the nature of the relationship and the nature of the transaction.

"* * *

"In this particular case -- we're talking about these ideas of negligence -- it is the plaintiff's claim that the Town of Johnston had a duty to maintain its premises[,] specifically the area immediately adjacent to Town Hall, in a clean, safe condition for the general public and anticipated invitees."

The trial justice also read aloud to the jury the questions on the verdict form. The

verdict form included three questions:

"1. Do you find that [p]laintiff proved by a preponderance of the evidence that [d]efendant breached its duty to maintain the premises at or around Johnston Town Hall in a safe condition free from any dangerous or defective conditions on July 28, 2016?

"* * *

"2. Do you find that [p]laintiff proved by a preponderance of the evidence that [d]efendant's breach of its duty of care was the proximate cause of the [p]laintiff's injuries?

"* * *

- 5 -

"3. If you answered 'Yes' to Question 2, what amount of damages do you award to [p]laintiff, Ralph Mangiarelli, Jr.?"

Upon conclusion of the charge, plaintiff objected at sidebar, arguing that the charge as given improperly assigned to the jury the responsibility of determining whether defendants owed plaintiff a duty of care. Notably, however, there was no objection to the verdict form.

The jury returned a verdict for defendants. The trial justice then granted defendants' motion for judgment as a matter of law, reasoning that plaintiff failed to present any evidence that the angle of the curb constituted a dangerous condition. Although the trial justice granted defendants' motion for judgment as a matter of law, she entered judgment in favor of defendants not as a matter of law, but on the jury's verdict.

Thereafter, plaintiff filed a motion for a new trial pursuant to Rule 59 of the Superior Court Rules of Civil Procedure.[5] A hearing was held during which plaintiff argued that a new trial was warranted based upon three claims of error. First, plaintiff asserted that the trial justice improperly tasked the jury with determining whether defendants owed a duty of care to plaintiff. Second, plaintiff contended that the verdict form improperly set forth plaintiff's burden of proof as a "preponderance

---

[5] The plaintiff also filed a motion for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure, which the trial justice denied.

- 6 -

of the evidence" rather than a "fair preponderance of the evidence." Lastly, plaintiff argued that the trial justice erred by determining that expert testimony was required to support plaintiff's claim that the angle of the curb created a dangerous condition. The defendants, on the other hand, argued that no evidence was presented at trial that the angle of the curb made it defective or dangerous.

The trial justice denied plaintiff's motion for a new trial. The trial justice explained that there was insufficient evidence presented at trial to prove that the curb was defective. Although the trial justice acknowledged that the language she used to instruct the jury was "inartful," she concluded that the claimed errors with the jury instructions did not warrant a new trial. First, the trial justice rejected plaintiff's argument that the jury instructions improperly charged the jury with determining whether defendants owed a duty of care to plaintiff because the verdict form, which plaintiff had an opportunity to review beforehand, presumed that defendants owed plaintiff a duty and tasked the jury with deciding whether defendants breached that duty to plaintiff. Second, the trial justice explained that, although the verdict form set forth the burden as a preponderance of the evidence and omitted the word "fair," plaintiff failed to raise an objection based upon this omission on the verdict form. In accordance with this bench decision, an order entered denying plaintiff's motion

- 7 -

for a new trial. Final judgment entered for defendants in accordance with the jury verdict.[6] The plaintiff filed a timely notice of appeal.

Before this Court, plaintiff claims that the trial justice erred by (1) instructing the jury to determine whether the town owed plaintiff a duty of care; (2) omitting the word "fair" from the term "fair preponderance of the evidence" on the verdict form; and (3) determining that expert testimony was required to establish that the angle of the curb constituted a dangerous condition.

## Standard of Review

"It is well-settled that '[a] trial justice's role in considering a motion for a new trial is that of a superjuror, who must weigh the evidence and assess the credibility of the witnesses.'" *Yi Gu v. Rhode Island Public Transit Authority*, 38 A.3d 1093, 1099 (R.I. 2012) (quoting *Pollard v. Hastings*, 862 A.2d 770, 777 (R.I. 2004)). "[T]he trial justice must consider, in the exercise of his [or her] independent judgment, all the material evidence in the case, in the light of his [or her] charge to the jury and pass on its weight and the credibility of the witnesses, determine what evidence is believable, and, decide whether the verdict rendered by the jury responds

---

[6] On January 21, 2022, final judgment was entered solely for the town. Following a prebriefing conference before this Court, the case was remanded to the Superior Court for the entry of a corrected final judgment in favor of the town; Joseph Chiodo, in his capacity as Treasurer for the town; and Arnold Vecchione, in his capacity as Public Works Director for the town. Final judgment for these defendants entered on July 20, 2022.

to the evidence presented and does justice between the parties." *Gomes v. Rosario*, 79 A.3d 1262, 1265 (R.I. 2013) (quoting *McGarry v. Pielech*, 47 A.3d 271, 280 (R.I. 2012)). "After undertaking this independent analysis, the trial justice must uphold the jury verdict if he or she 'determines that the evidence is evenly balanced or is such that reasonable minds in considering the same evidence could come to different conclusions * * *.'" *Free & Clear Company v. Narragansett Bay Commission*, 131 A.3d 1102, 1109 (R.I. 2016) (quoting *Yi Gu*, 38 A.3d at 1099). "If, however, the verdict is not supported by credible evidence, a new trial should be ordered." *Oliveira v. Jacobson*, 846 A.2d 822, 826 (R.I. 2004). "If the trial justice has carried out the duties required by Rule 59 of the Superior Court Rules of Civil Procedure and our decided cases, his or her decision is accorded great weight by this Court and will not be disturbed unless the plaintiff can show that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *McGarry*, 47 A.3d at 280 (quoting *Botelho v. Caster's, Inc.*, 970 A.2d 541, 546 (R.I. 2009)).

The plaintiff's appellate claims also require us to evaluate the instructions given to the jury by the trial justice. "Our review of jury instructions is *de novo*." *Yangambi v. Providence School Board*, 162 A.3d 1205, 1216 (R.I. 2017). "[T]his Court examines jury instructions 'in their entirety to ascertain the manner in which a jury of ordinarily intelligent lay people would have understood them.'" *Riley v.*

- 9 -

*Stone*, 900 A.2d 1087, 1092 (R.I. 2006) (quoting *Parrella v. Bowling*, 796 A.2d 1091, 1101 (R.I. 2002)). "A charge need only adequately cover[] the law." *Yangambi*, 162 A.3d at 1217 (quoting *State v. Long*, 61 A.3d 439, 445 (R.I. 2013)). "We do not examine single sentences or selective parts of the charge; rather, 'the challenged portions must be examined in the context in which they were rendered.'" *Riley*, 900 A.2d at 1092-93 (quoting *Parrella*, 796 A.2d at 1101).

## Analysis

We begin by addressing plaintiff's claim that the trial justice improperly charged the jury with determining whether defendants owed a duty of care to plaintiff. The plaintiff contends that, because the trial justice gave oral instructions regarding duty, the "[j]ury reviewed the [v]erdict [s]heet with a belief that it was up to them to answer the questions after first determining whether a duty of care existed." According to plaintiff, the verdict form did not cure the trial justice's "misstatement of the law" because the verdict form did not "expressly inform[] the [j]ury to disregard the previous instructions about needing to determine whether a duty of care existed." We disagree.

"In setting forth a negligence claim, 'a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" *Berard v. HCP, Inc.*, 64 A.3d 1215, 1218 (R.I. 2013) (quoting *Holley v.*

- 10 -

*Argonaut Holdings, Inc.*, 968 A.2d 271, 274 (R.I. 2009)). We have repeatedly held that "[w]hether a duty exists in a particular situation is a question of law to be decided by the court." *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010) (quoting *Ferreira v. Strack*, 636 A.2d 682, 685 (R.I. 1994)); *see also Berard*, 64 A.3d at 1218-19; *Ouch v. Khea*, 963 A.2d 630, 633 (R.I. 2009).

In the case at bar, although the trial justice explained, generally, the elements a plaintiff must prove to establish a negligence claim—including the existence of a duty owed by defendants to plaintiff—the verdict form contained only three questions posed to the jury, and required the jury to answer the questions of breach, causation, and damages. The first question, concerning breach, asked the jury to determine whether defendant "breached *its* duty." (Emphasis added.) Thus, the verdict form established that defendants owed plaintiff a duty of care and the jury was tasked with deciding, *inter alia*, whether there was a breach. Examining the jury instructions in their entirety and in the context in which they were rendered, *Riley*, 900 A.2d at 1092-93 (quoting *Parrella*, 796 A.2d at 1101), we are satisfied that the trial justice did not err in instructing the jury as to the element of duty.

The plaintiff next claims that the trial justice erred by omitting the word "fair" from the phrase "fair preponderance of the evidence" on the verdict form. The plaintiff cites section 301.2 of the Model Civil Jury Instructions for Rhode Island:

> "The burden is on the plaintiff to prove by a fair preponderance of the evidence that he/she has suffered

- 11 -

damages as a proximate result of defendant's [negligence/breach of contract/wrongful conduct]. * * * A plaintiff must prove by a fair preponderance of the evidence the particular element of damage that he/she suffered and the extent of such damage." (Emphasis omitted.)

The plaintiff, however, did not object to the verdict form, despite the opportunity to review the form before it was submitted to the jury. "[A]ccording to this Court's long-standing, and staunchly adhered to, raise-or-waive rule, 'a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court.'" *E.T. Investments, LLC v. Riley*, 262 A.3d 673, 676 (R.I. 2021) (quoting *Cusick v. Cusick*, 210 A.3d 1199, 1203 (R.I. 2019)). "With respect to jury instructions, it is imperative that a focused objection 'specific enough to alert the trial justice as to the nature of [the trial justice's] alleged error' in giving any jury instruction (including a trial justice's failure to instruct as to a particular issue) must be made on the record after the jury is instructed and before it retires to deliberate." *Berman v. Sitrin*, 101 A.3d 1251, 1266 (R.I. 2014) (quoting *King v. Huntress, Inc.*, 94 A.3d 467, 483 (R.I. 2014)). "Counsel's objection to the jury instruction must be made before the jury retires because 'once alerted to the perceived error in the instruction that has been given, the trial justice has an opportunity to cure the alleged deficiencies before the jury retires for deliberations.'" *State v. Viveiros*, 45 A.3d 1232, 1243-44 (R.I. 2012) (quoting *State v. Crow*, 871 A.2d 930, 935 (R.I. 2005)). Because plaintiff did not object to the omission of the word "fair" on the verdict

- 12 -

form before the jury retired to deliberate, we conclude that plaintiff has waived this claim of error.

We note, however, that were this argument preserved for appeal, we would find it unpersuasive.[7] Although the word "fair" was excluded from the verdict form, the trial justice included it in her oral instructions to the jury, explaining that "the law requires that the plaintiff prove that which he or she asserts or claims by a fair preponderance of the evidence." Reviewing the jury instructions in their entirety, we perceive no error. *See Riley*, 900 A.2d at 1092-93 (quoting *Parrella*, 796 A.2d at 1101).

Lastly, plaintiff contends that the trial justice erred by concluding that expert testimony was required to establish that the angle of the curb constituted a dangerous condition. We disagree. "In any negligence action * * * the plaintiff must establish a standard of care and prove, by a preponderance of the evidence, that the defendant deviated from that standard of care." *Riley*, 900 A.2d at 1095. To establish a negligence claim, "there must be evidence of a breach of a legal duty and evidence that the breach proximately caused plaintiff's harm." *Morales v. Town of Johnston*,

---

[7] We are hard-pressed to discern a material difference in "preponderance of the evidence" and "fair preponderance of the evidence." A "preponderance of the evidence" means "that the trier of fact '* * * believe[s] that the facts asserted by the proponent are more probably true than false.'" *Narragansett Electric Company v. Carbone*, 898 A.2d 87, 99-100 (R.I. 2006) (quoting *Parker v. Parker*, 103 R.I. 435, 442, 238 A.2d 57, 61 (1968)).

895 A.2d 721, 732 (R.I. 2006). "Without evidence of a specific act or omission by [the defendant] that indicate[s] a deviation from the proper standard of care, the plaintiff cannot prove negligence." *Id.*; *see also Lapierre v. Greenwood*, 85 R.I. 484, 487, 133 A.2d 126, 127 (1957) ("[I]t is necessary that a plaintiff * * *, to recover, must allege and prove some specific acts of commission or omission by the defendant which amount in law to negligence * * *.") (quoting *Faubert v. Shartenberg's Inc.*, 59 R.I. 278, 281, 195 A. 218, 219 (1937)). "Moreover, expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge." *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I. 2003).

In the present case, the trial justice determined that a new trial was not warranted because the plaintiff failed to present any expert testimony that established that the angle of the curb constituted a dangerous condition. The only evidence presented at trial as to the angle of the curb was the plaintiff's testimony that the curb was "on an angle" and was "not straight," as well as photos of the curb, and evidence of subsequent remedial measures, including the painting of the area. The plaintiff presented no evidence regarding the appropriate angle of a curb, nor did he present any evidence that the angle of the curb at issue in this case was defective or a deviation from the standard of care, thus constituting a dangerous condition. We conclude that the plaintiff has failed to show "that the trial justice

- 14 -

overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *McGarry*, 47 A.3d at 280 (quoting *Botelho*, 970 A.2d at 546). We therefore will not disturb the trial justice's decision denying the plaintiff's motion for a new trial. *See id.*

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ralph Mangiarelli, Jr. v. Town of Johnston et al. |
| **Case Number** | No. 2022-28-Appeal. (PC 16-5893) |
| **Date Opinion Filed** | March 1, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff: Ronald J. Resmini, Esq For Defendants: Ryan D. Stys, Esq. |

SU-CMS-02A (revised November 2022)